[No. 1552.]

## F. R. McNAMEE, Respondent, v. JAMES NESBITT and GEORGE NESBITT, Appellants.

EVIDENCE—CONFLICT OF—CREDIBILITY OF WITNESSES—PROVINCE OF JURY. The jury are the judges of the credibility of witnesses, and, where the evidence is conflicting, this court will not attempt to determine the comparative weight of such evidence.

MALICIOUS PROSECUTION—PROBABLE CAUSE—PRESUMPTION—MALICE. Malice in causing an arrest may be presumed from want of probable cause.

IDEM—IDEM. Defendant, in an adjoining room, heard a woman inform plaintiff that a person there present had offered to pay her to give certain testimony in a pending case in which plaintiff was interested; and plaintiff replied that he was not there on that business, and that she must testify truthfully. Subsequently, defendant caused the arrest of plaintiff and his companion on the charge of attempting to suborn a witness, though defendant had declared that he did not know whether plaintiff "was in or not." *Held*, that there was no probable cause for the arrest of plaintiff.

IDEM—IDEM—EVIDENCE—PROVINCE OF JURY. In support of this defense to plaintiff's action, the defendants testified to the effect that they consulted their attorneys, laid all the facts before them, and acted on their advice in prosecuting the plaintiff: *Held*, that, as the jury doubtless gave credit to the evidence on the part of plaintiff as to what the facts were, they could reasonably conclude that the defendants did not state all the material facts within their knowledge to said attorneys, or, that if they did, that said attorneys did not advise the prosecution of plaintiff.

PRACTICE—EXCEPTIONS—INSTRUCTIONS. The contention of counsel that the court erred in refusing defendants' instruction No. 3 must be disregarded, as no objections or exceptions appear to have been made to said action of the court.

APPEAL from the District Court of the State of Nevada, Lincoln county; *G. F. Talbot*, District Judge:

Action by F. R. McNamee against James Nesbitt and George Nesbitt, for damages for malicious prosecution. From a judgment for plaintiff, and denying a motion for a new trial, defendants appeal. Affirmed.

The facts sufficiently appear in the opinion.

*Sawyer & Sawyer*, for Appellants:

I. The district court erred in overruling the defendant's motion for a non-suit. The testimony of plaintiff and his principal witness, Owens, shows that the defendants, in preferring the charge against the plaintiff and Warren, acted under the advice of attorneys-at-law, in which they placed confidence. This, alone, is a complete defense to the action

of malicious prosecution.  (*Ricord* v. *C. P. R. R. Co.*, 15 Nev. 182; *Stewart* v. *Sonneborn*, 98 U. S. 196–7; *Holiday* v. *Holiday*, 53 Pac. Rep. 42.)

II.   The evidence on the part of the plaintiff, under the amendment to his complaint, shows that he was held by the examining magistrate to answer to the charge preferred against him, which he claims was malicious. This, alone, is *prima facie* proof of probable cause, and the ignoring of the charge by a grand jury does not rebut it.  (*Gama* v. *S. P. R. R. Co.*, 51 Cal. 140; 14 Am. & Eng. Ency. of Law, 67, note 5; *Fannie L. Holiday* v. *Edward F. Holiday and Mrs. M. P. T. Holiday*, 53 Pac. Rep. 42.)

III.   The guilt or innocence of the plaintiff is not involved in this action, but did his actions and words in connection with those of Warren, as portrayed by the testimony, give the defendants a probable cause to suppose him guilty?  We respectfully submit that they did.  (*Fenstermaker* v. *Page*, 20 Nev. 291.)

IV.   No malice was shown.  Malice and want of probable cause must both be shown in order to entitle the plaintiff to recover.  (*Fenstermaker* v. *Page*, 20 Nev. 290, and cases cited.)

*F. R. McNamee, in pro. per.,* for Respondent:

I.   The advice of interested counsel, when known to the client, if he acts on the advice of such interested counsel, and it turns out to be erroneous, in an action for malicious prosecution, such opinion will not be sufficient to show probable cause, though honestly given by the attorney.  (*White* v. *Carr*, 71 Me. 555; 36 Am. Rep. 353; *Watt* v. *Corey*, 76 Me. 87.)

II.   But the fact that the defendants acted upon the advice of counsel is not in itself a defense, but is a circumstance to be considered by the jury.  (*Hobbs* v. *Pickney*, 16 S. C. 387; *Jacobs* v. *Crum*, 62 Tex. 411; 64 Tex. 322; 69 Tex. 167; *Sharp* v. *Johnson*, 76 Mo. 660; *Sherburn* v. *Rodman*, 51 Wis. 474.)

III.   For the advice of counsel to constitute a defense, all the facts known to defendants relative to the case must have been stated to counsel.  (*Donnelly* v. *Daggett*, 145 Mass. 314; *Paddock* v. *Watts*, 116 Ind. 146.)

IV.   The law requires that one, in constituting a criminal

. prosecution, shall act in good faith, or under an honest belief . of the guilt of the party arrested, and this, notwithstanding he has taken legal advice. (*Roy* v. *Goings*, 112 Ill. 656;) So, if he acted on motives of private interest, the advice of counsel will not exempt him from liability. (*Glascock* v. *Bridges*, 15 La. Ann. 672.)

V. The ignoring of the charge by the grand jury is *prima facie* evidence of want of probable cause. (14 Am. & Eng. Ency. of Law, pp. 64–65, and notes; Stephens on Malicious Pros. p. 42, note 2, and cases cited.)

VI. The evidence shows that the prosecution of plaintiff was not undertaken from public motives, but, on the contrary, was for private gain. This, alone, is sufficient proof of want of probable cause. The defendant, George Nesbitt, told witness Owens before he swore to the complaint that he believed plaintiff was innocent, but that he would have him arrested. anyway, for it would help them in their water suit.

VII. There is a substantial conflict in the evidence in regard to every material point in the case, and, as the jury were the sole judges of the credibility of the witnesses, the verdict should not be disturbed. .

By the Court, Bonnifield, C. J.:

This is an action against the defendants for causing the arrest and prosecution, maliciously and without probable cause, as it is alleged, of the plaintiff, upon a criminal charge against the plaintiff, made by the defendants, of an attempt to suborn Mrs. Eleanor McGuffee, on the 3d day of November, 1895, as a witness to swear willfully, corruptly and falsely to certain alleged material matter to the issue in question in a certain suit then pending in the District Court of the Fourth Judicial District, in and for Lincoln county, wherein one C. A. Horn was plaintiff and said James Nesbitt and George Nesbitt and Joseph McGuffee were defendants.

Upon the plaintiff introducing his evidence and resting his case the defendants moved for a non-suit upon the grounds:

· "First—That said plaintiff has not proved the want of probable cause in the prosecution of which he complains, but on the contrary has shown that there was probable cause.

" Second—That said plaintiff has failed to prove malice on the part of the defendants in the prosecution of which he complains.

" Third—It is shown that defendants acted on advice of counsel in the prosecution complained of."

The court overruled the motion. Thereupon defendants introduced their evidence, and the court proceeded with the trial. The trial resulted in a verdict of the jury, and judgment thereon in favor of the plaintiff for the sum of five hundred dollars damages and costs of suit. This appeal is taken from said judgment, and from the order of the court denying defendants' motion for a new trial. The ruling of the court in denying the motion for non-suit is assigned as error.

It appears that the issue involved in said suit of *Horn* v. *Nesbitt et al.* was the right to the possession and use of two certain springs of water, both parties to said action claiming the same. The offense charged against Warren and McNamee in the complaint laid before the committing magistrate by the defendants was that on the 3d day of November, 1895, at, etc., "said George B. Warren and said F. R. McNamee unlawfully, corruptly, etc., did solicit, instigate and endeavor to persuade one Mrs. Eleanor McGuffee, who was a material witness on the part of the defendants in said action, to falsely swear and give in evidence before said district court certain matters material and relevant to said issue, and to the matters therein and thereby put in issue, in substance and to the effect following, that is to say, that the two springs of water claimed by said plaintiff, C. A. Horn, in said action above named, were now, and had always been, by said witness, Mrs. Eleanor McGuffee, considered and regarded as the home and property of Mrs. Aggie Horn, the wife of said C. A. Horn; and said George B. Warren and said F. R. McNamee promised to said witness, Mrs. Eleanor McGuffee, the sum of two thousand dollars to so falsely testify. Said George B. Warren and said F. R. McNamee by said means committed, then and there, the crime of an attempt to suborn the said Mrs. Eleanor McGuffee to commit the crime of perjury."

Assuming that what Mrs. McGuffee " *considered* and *regarded* " with respect to said springs was " a matter material

to the issue or point in question " in said water suit, we are of the opinion that the court did not err in refusing to grant a non-suit.

The criminal charge against McNamee was based on what defendants claimed occurred between McNamee, Warren and Mrs. McGuffee at an interview held between the three on the night of November 3, 1895, at Mrs. McFadden's lodging house, in the town of Delamar. The motion for non-suit was based on the evidence given on the part of the plaintiff, which was then undisputed.

This evidence tended to show: That in the afternoon of said day Mrs. McGuffee informed the defendants and one Mike Owens, in a conversation had with them, that George B. Warren had offered her some money to testify that a spring involved in said water suit belonged to Mrs. Horn and C. A. Horn. Thereupon the defendants stated that it would help them to win their water suit then pending if they could get McNamee and Warren to make the offer before witnesses, if they could get it before the court. That George Nesbitt, in his store, in the afternoon of said day, suggested to Mrs. McGuffee to get McNamee to offer her money to so testify about said springs. That defendants arranged with Mrs. McGuffee for her to have a meeting with McNamee and Warren that night at said lodging house. That George Nesbitt, James McGuffee and Mike Owens went to said lodging house by the back way, entered a room adjoining the room occupied by Mrs. McGuffee, and waited there to witness the conversation that might be had at such meeting between McNamee, Warren and Mrs. McGuffee. That Warren came first to said lodging house, went to Mrs. McGuffee's room, and asked her whether she was ready to go up to McNamee's house. That she said, in reply, that she was not feeling well, and for Warren to go up and bring McNamee down. That Warren went, and told McNamee that Mrs. McGuffee wanted to see him about the water suit and the notes she held against the Nesbitts, and that she was sick, or she would come up. That McNamee went down with Warren to Mrs. McGuffee's room, met her there, and McNamee asked her what she wanted. That she replied that she wanted to see him about the Nesbitt notes and the proposition made to her by Warren.

That McNamee advised her as to the notes, and asked her what proposition Warren had made. That she replied that it was for her to testify that the North springs were, and always had been, her daughter Aggie's. That Mrs. McGuffee said that, if there was enough in it, she might consider the matter. That McNamee replied to her that he was not there on that kind of business. That then she said that she would not testify that these North springs were, and always had been, Aggie's for all the money Delamar had. That McNamee then spoke up and said to her that was right; that she must not testify to anything wrong; that she must testify to the truth if she lost everything. That McNamee said to her that she must not testify to anything, unless she could do so truthfully and conscientiously. That Mrs. McGuffee said she might be willing to take a trip, if there was enough in it for her. That McNamee told her that that would do her no good, because they could prove the same facts by other witnesses, and, if he had thought that was what she wanted him for, he would not have come down.

The said evidence also tended to prove that McNamee had no information of any proposition having been made by Warren to Mrs. McGuffee, with reference to her said testimony, until he was informed as aforesaid by Mrs. McGuffee at said interview. It also tended to prove that defendant, George Nesbitt, who was in the adjoining room, heard what was said by and between McNamee and Mrs. McGuffee, as above given in said interview, and that on the next day after said interview, the day on which the said criminal prosecution was instituted, George Nesbitt, in the presence of Mrs. McGuffee, J. H. McMillan, James Nesbitt and Mike Owens, said that he did not know whether McNamee was in it or not, but that he was as much in the mud as Warren was in the mire, and that they (the defendants) intended to have McNamee arrested, and that it would help them win the water suit.

Mike Owens, who was in the adjoining room with George Nesbitt during said interview, at the request of defendants to witness the conversation at said interview, was a witness on the part of the plaintiff, and his evidence and the evidence of McNamee tend to show as above stated.

From said evidence we are of opinion that the plaintiff showed want of probable cause on the part of the defendants in said criminal prosecution as against McNamee, the plaintiff herein; that defendants did not have a reasonable ground supported by facts and circumstances as would warrant a cautious man in the belief that McNamee was guilty of the offense charged against him.

From want of probable cause malice may be presumed. As to the third ground for the motion, there was no evidence then in the case that the defendants had even consulted any attorney in the matter.

Counsel contend that the verdict of the jury is not supported by the evidence, and is contrary thereto. The evidence, as finally submitted in the case, is conflicting as to some material matters. It is not for this court to determine the comparative weight of such evidence. There is evidence on the part of the plaintiff, if true, sufficient to support the verdict. The jury are the judges of the credibility of witnesses. The contention of counsel, that the court erred in refusing defendants' instruction No. 3, must be disregarded, as no objections or exceptions appear to have been made to said action of the court. (*McGurn* v. *McInnis,* 24 Nev. 370, *ante.*)

As a defense to the action the defendants alleged in their answer: "That, before making the complaint against said plaintiff mentioned in said complaint, they consulted with practicing attorneys of said state, learned in the law, and, after laying all of the facts before them, acted upon their advice." The defendants testified to the effect that they consulted their attorneys, laid all the facts before them, and acted on their advice in prosecuting the plaintiff.

Doubtless the jury gave credit to the evidence given on the part of the plaintiff as to what the facts were. If so, they could reasonably conclude that the defendants did not state all the material facts within their knowledge to said attorneys, or, if they did, that said attorneys did not advise the prosecution of McNamee. It was for the jury to determine, from all the evidence, and the circumstances disclosed, whether or not the defendants, in good faith, laid all the facts and circumstances within their knowledge before coun-

sel, and whether they acted in good faith on counsel's advice, if given.

The judgment and order appealed from are affirmed.