ELLA PYLE, Appellant *v.* GROVER O. BRADLEY, Respondent.

No. 3738

May 4, 1954.                    269 P.2d 842.

*Martin J. Scanlan,* of Reno, and *John G. Spann,* of Sparks, for Appellant.

*Woodburn, Forman and Woodburn* and *Peter Echeverria,* all of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

The only substantial question presented is whether the court abused its discretion in denying plaintiff's motion for new trial after a verdict for defendant.

Plaintiff's car, headed north, and defendant's car, headed west, approached an intersection in Reno at about the same time. In the approximate center of the intersection the right rear side of plaintiff's car was struck by the front of defendant's car. In plaintiff's suit for damages, growing out of the collision, plaintiff relied upon (1) a general allegation of negligence, (2) negligence by reason of defendant's alleged violation of an ordinance requiring a car to stop when the intersection was occupied by a crossing car and (3) negligence by reason of defendant's alleged violation of an ordinance prohibiting speed over fifteen miles per hour in an intersection. Plaintiff has appealed from the judgment and from the order denying her motion for new trial, assigning as error insufficiency of the evidence to justify the verdict, to such extent that the denial of her motion for new trial was an abuse of discretion.

Plaintiff's driver and defendant were the only persons testifying to the actual collision. Defendant's testimony was to the effect that he approached the intersection at a speed not exceeding fifteen miles an hour, had a clear view in all directions, saw plaintiff's car approaching from the left and slowing down for an apparent stop at the intersection; that he accordingly proceeded forward, pulled down the sun visor against the sun that was "to some extent" obscuring his vision, and sneezed at the instant his car struck the plaintiff's car; that

he had not observed the plaintiff's car from the time he first concluded it was slowing for a stop till the time of the impact. Plaintiff's driver testified that he had stopped at the intersection, looked in both directions and saw no car approaching, then proceeded at fourteen or fifteen miles an hour to cross and saw the defendant's car approaching from the right at an estimated speed of twenty miles an hour; that he tried to avoid the collision by veering to the left but was too late. Another city ordinance involved gave right of way to a car entering an intersection from the right when two cars enter an intersection at the same time. We are unable to conclude either that the evidence was insufficient to justify the verdict or that there was any error or abuse of discretion in the refusal of the learned district judge to interfere with the jury's verdict, which apparently either absolved the defendant from the charge of negligence or found the accident to be unavoidable. An "unavoidable accident" instruction was given to the jury without objection. Both witnesses to the accident testified at considerable length from sketches made upon the blackboard, showing the intersection, the location of the respective cars at the different instants of time involved, etc. Not only is the testimony in conflict but much of it is unintelligible in the absence of the sketches from the record.

While plaintiff complains of one of the court's instructions to the jury to the effect that defendant's failure to stop when he was about to sneeze[1] was not negligence,

[1]Neither party questioned the defendant as to the extent or duration of the paroxysm. The court, devoid of medical knowledge though it be, may still take judicial notice of the almost infinite variety of these spasms—from an inoffensive sneezette to a violence that threatens not only the very bones of the sneezer but the health of all sneezees within range. Certainly, appellant's implications of negligence picture the repetitive spasmodic half-exhalatory gasps, with eyes closed and other senses suspended, and ending in a screaming crescendo. This, however, finds no support in the record.

no objection was made to the instruction and the assignment may not be considered at this time. McNamee v. Nesbitt, 24 Nev. 400, 56 P. 37.

Plaintiff also assigns as error the jury's manifest disregard of the court's instructions, and indicates that this has reference particularly to the instruction that if defendant "was so blinded by the sun as to prevent him from seeing any car in the intersection [until] too late to avoid a collision with such said car," it was his duty to stop his car, and if he failed to do so, the jury should find for plaintiff. It cannot be said that the jury manifestly disregarded this instruction in its evident conclusion that defendant was using due care in approaching and entering the intersection after observing plaintiff's car slowing for a stop (supported by the testimony of plaintiff's driver that he actually did come to a stop), and in exercising the right of way given him by the ordinance over a car approaching from the left.

As we find the foregoing assignments of error to be without merit and as no other errors are relied upon, the judgment and the order denying new trial must be affirmed with costs. It is so ordered.

EATHER, C. J., and MERRILL, J., concur.