[No. 1524.]

## THE STATE OF NEVADA, EX REL. MARIA P. HOPPIN, RELATOR, *v.* A. E. CHENEY, JUDGE OF THE SECOND JUDICIAL DISTRICT COURT, IN AND FOR HUMBOLDT COUNTY, RESPONDENT.

PRACTICE—NOTICE AND STATEMENT FOR NEW TRIAL—TIME LIMITATION. Under Stats. 1893, p. 88, if the losing party fails to file his notice of intention and proposed statement on motion for new trial within the time prescribed, or within the time allowed by order or stipulation, the right to have the same settled by the court is lost, and so, also, if the prevailing party fails to file his proposed amendments within the time limited by the statute, or order, or by stipulation he loses his right to have the same considered.

IDEM—WAIVER—JURISDICTION. Where rights of either party to an action, under this statute, *supra*, are limited in time, the failure of either to exercise such rights within the limited time, unless the same is preserved by some authorized act, operates as a waiver of the same, and the attempted determination of such rights upon the merits over a proper objection is without authority.

IDEM—SETTLEMENT OF STATEMENT—AMENDMENTS — JURISDICTION. Under said statute (1893, p. 88), which provides that the judge may, upon notice, settle a statement on motion for new trial at any time after the statement and amendments thereto have been filed and served, if filed within the time limited by statute, or fixed by order of court or by stipulation, does not give the judge authority to consider and settle the statement, or make it conform to the truth, where the amendments are not filed in time, since, under said statute, the statement becomes part of the record by operation of law where amendments have not been filed thereto within the time fixed, and the clerk's certificate is sufficient authentication thereof.

IDEM—CERTIFICATE OF CLERK—MINISTERIAL ACT. The clerk does not act judicially in certifying a statement on motion for new trial, under said statute (1893, p. 88) providing that when amendments have not been filed in time, the clerk shall certify the statement.

IDEM—STATEMENT ON MOTION FOR NEW TRIAL—WAIVER. Service of notice declining to admit amendments to a statement on motion for new trial, as provided in said statute (1893, p. 88) providing that such notice may be served, where the other party does not admit the amendments proposed, is not a waiver of the right to object to the amendments, on a hearing to settle the statement, on the ground that they were filed out of time, where the objection was thus made at the first opportunity.

ORIGINAL PROCEEDING. Application for writ of mandate by the State, on relation of Maria P. Hoppin, against A. E. Cheney, Judge of the Second Judicial District Court, in and for Humboldt county. Denied.

The facts sufficiently appear in the opinion.

*D. S. Truman,* for Relator:

I. *Mandamus* is the proper remedy if the judge of the district court has power to correct the statement on motion for new trial on his own motion, or to use the amendments proposed, for that purpose. (*Keane* v. *Murphy,* 19 Nev. 89.)

II. Hayne on New Trial and Appeal, sec. 148, says: * * * " But it is his duty to make the statement conform to the truth, and consequently he may alter the proposed statement in any way that may be necessary. And although no amendments be served within the time prescribed, there is nothing to prevent him from availing himself of the assistance of any amendments that may be handed to him before the settlement and he might delay the settlement for a reasonable time in order to gain such assistance." (See, also, same authority, sec. 160.)

III. There is nothing in our statute which will abrogate this rule. It simply says "*when no amendments have been filed,* the statement shall be accompanied with the certificate of the clerk of that fact." I take this to mean *when no amendments have been filed at all.*

IV. Even though filed too late, such proposed amendments call the attention of the court to some alleged incorrectness in the statement, and the clerk then cannot make this certificate because some proposed amendments *have been filed.* It is not within his province to determine if they are filed within the time required by law or not, hence he cannot then, legally, according to the statute, make a certificate, because, as a matter of fact, amendments *have been filed.*

V. There can be no question of the intent of the law that the statement shall be a correct record of the matter and things therein contained, and we claim the court never lost jurisdiction or power to make the statement correct, because, anyway until the clerk's certificate had been attached, if in a case of this kind he could attach it at all, the record and statement and amendments were still in an inchoate condition, such that the court could not have legally heard the motion for new trial thereon.

VI. The law fixes no time when the clerk shall make his certificate, and, until it was done (if this is a proper case for his certificate), it would seem that the court had full power

of its own motion to see that the statement was corrected, especially where it is called to his attention that the same is incorrect, before the attaching of the clerk's certificate.

VII.   Again, I think the court was in error in not settling this statement because, if the proposed amendments were not filed in time, the failure to so file the same was waived by the defendant bank.   Stats. 1893, p. 88, says:   *   *   * " shall on the same day, serve the same, with the statement, upon the moving party, who shall, within five days thereafter, give written notice to the adverse party if he declines admitting the amendments, or they shall be deemed accepted. *At any time thereafter either party may have the statement settled,"* etc.   As shown by the record here, the defendant bank gave its notice declining to allow these amendments, without reserving any objection that the same were not filed in time.   This was tantamount to its saying we will submit this settlement of the statement to the judge who tried the case to make the statement conform to what is the truth, and what will be correct, because the statute gives either party the right when such notice is given, to present the statement *for settlement,* this carries with it a correlative right to settle the same.   Such is the rule when applied to the notice of motion for new trial, or to the statement, and there is no good reason why it should not equally apply to amendments. (Hayne on N. T. and Ap., secs. 145–14–15–27–210, p. 642; *Johnson* v. *Wells, Fargo & Co.,* 6 Nev. 224; 6 Nev. 194; 22 Nev. 71–78–79; *Moore* v. *Ellis,* 61 N. W. Rep. 291; *People* v. *Judge,* 24 Mich. 513.)

By the Court, MASSEY, J.:

The relator obtained a judgment and decree of foreclosure on the 21st day of June, 1897, against certain parties in the District Court of the Second Judicial District, in and for Humboldt county, by which it was decreed that the rights and interests of the First National Bank of Winnemucca, one of the defendants in the mortgaged premises, were subject and subordinate to the lien of relator's mortgage.   Thereupon the bank gave notice of intention to move for a new trial, and by order of court it was given twenty days additional time in which to file its statement on motion for a new

trial. The time was subsequently extended upon application to the court, and by various stipulations of the relator, to and including the 9th day of September, 1897, at which time it filed and served a proposed statement. On the 23d day of November, 1897, the relator filed and served certain proposed amendments to the statement. On the 26th day of November, 1897, the bank served notice upon the relator, declining to admit relator's proposed amendments. On the 21st day of December, 1897, the statement and proposed amendments coming before the respondent for consideration, objection was made by the bank to the proposed amendments upon the ground that the same had not been filed within the time required by law, and the objection was sustained. At the same time the relator offered to show that the proposed statement did not correspond to the facts disclosed upon the trial, and asked the court to amend and correct the same upon its own motion, which the court declined to do, for the reason that it had lost jurisdiction to amend or settle said statement by the failure of the relator to propose and file amendments thereto within the time fixed by law.

Upon these facts the relator asks us to issue a writ of mandate directing the respondent to settle and correct said statement, wherein it appears to him that the same is erroneous, untrue and incorrect.

The determination of the question as to whether the writ should issue under the facts necessarily involves the construction of the sections of the civil practice act regulating the manner and method of settlement of statements on motion for a new trial, and the power and the duty of the courts under the same. (Statutes of Nevada, 1893, p. 89.)

This court has held that *mandamus* is the proper remedy to compel a district judge to settle a statement on motion for a new trial in a case where it is made his duty to settle the same. (*State, ex rel.* v. *Murphy,* 19 Nev. 89.)

In the case cited, the district judge, before whom an action had been tried, announced his conclusions orally in open court, and instructed the plaintiff's attorneys to prepare findings accordingly. No findings were filed, but on the same day judgment was signed and entered. At the time of the announcement in open court, counsel for the defendant

were present and heard the same. No written notice of the rendering of the decision was given or received, as required by the practice act, but in thirty-five days after the entry of the judgment, the attorneys for the defendant learned by other means that such entry had been made, and within forty-four days after the entry thereof prepared and caused to be filed and served a proper statement. Counsel for plaintiffs proposed amendments to the same, which the defendant refused to accept. The district judge refused to settle the statement because no notice of motion for a new trial had been given within the required time. Upon these facts, this court held, in effect, that a party intending to move has the right to wait for the statutory notice of the decision from the adverse party, before giving notice of intention to move for a new trial, and that presence in court, and hearing the decision orally announced, and oral communication of the fact, are not sufficient to operate as a waiver of that right, therefore the notice of intention was filed within the time required, and the writ should issue.

It necessarily follows, from the above, that in case the notice of the decision had been given, that the filing and serving of the notice of intention to move for a new trial, and the statement on motion for a new trial within the forty-four days thereafter, would not have been within the time required, and the writ should not issue. It also necessarily follows that if a losing party fails to file his notice of intention and proposed statement within the time required, or within the time allowed by order or stipulation, he loses his right to have the same settled by the court; that it can be said with equal force and reason that in case the prevailing party shall fail to file his proposed amendments within the time limited by the statute, or order, or by stipulation, he loses his right to have the same considered. This court held in another case that where notice of motion for a new trial had been filed and served within ten days after written notice of decision, and no proposed statement was filed within five days thereafter, and on the sixth day the court granted ten additional days in which to file the same, nothing having been done in the meantime to retain jurisdiction of the matter, that the failure to file the statement within

the five days operated as a waiver of that right, and no power existed in the district court to reinstate the right. (*Elder* v. *Frevert et al.*, 18 Nev. 278.)

We must therefore hold that where rights of either party to an action under the statute are limited in time, that the failure of either to exercise such rights within the limited time, unless the same is preserved by some authorized act, operates as a waiver of the same, and the attempted determination of such rights upon the merits over the proper objection is without authority. If the legislature had intended that the rule should be otherwise, that clause of the act allowing the periods of time limited to be enlarged by stipulation or by order of court upon good cause shown would never have been inserted in the statute.

The relator contends that it is the duty of the court to make the statement conform to the truth, although there have been no amendments proposed and filed within the time limited, or when no amendments have been filed at all. In support of this contention, he cites section 148 of Hayne on New Trial and Appeal, in which the author uses the following language: "Although no amendments be served within the prescribed time, there is nothing to prevent him from availing himself of the assistance of any amendments that may be handed to him before the settlement, and he might delay the settlement for a reasonable time in order to gain such assistance."

The author was discussing the power of the court to settle the statement under the California statute, the provisions of which are very materially different from those of our statute. The California statute expressly provides that " if no amendments are served within the time designated,   *   *   *   the proposed statement   *   *   *   may be presented to the judge or referee for settlement without notice to the adverse party." No such provision is contained in our statute, and no such power is conferred. It is expressly provided that at any time after the filing and service of the proposed statement, and the filing and service of the proposed amendments, when filed within the time limited by the statute, or by order of court, or by stipulation, the judge or referee upon notice may settle the same. If the court under these provisions has the

authority to consider and settle the statements upon proposed amendments, when the same have not been filed within the time required, then it was useless to incorporate into the statute the various limitations, and that such was not the legislative intent is clearly apparent from the subsequent provisions of the same act providing for the manner of authentication by the certificate of the parties when it has been agreed to, by the certificate of the judge when settled by him, and by the certificate of the clerk when no amendments to the statement have been filed within the time required.

It is also clearly apparent from these provisions that only three methods were intended by which such statement should become a part of the record. First, by settlement when the proposed statement and amendments are filed and served within the times limited, or extensions thereon provided for; second, when the statement has been agreed to by the parties; and, third, by failure of the prevailing party to file amendments thereto within the time limited, or within the extensions thereof, where the proposed statement has been properly filed. When the amendments are not filed within the time required, there is nothing for the judge to settle, and the proposed statement becomes by operation of law a part of the record, and the certificate of the clerk is a sufficient authentication of the same.

The contention on the part of the relator that the clerk, under a different view of the statute, is required to act judicially in making his certificate, is without merit. It would be just as reasonable to contend that the act of the clerk in entering a judgment by default under the statute is judicial, as to say that the certificate of the clerk under this statute involves the exercise of judicial functions.

It is further contended by the relator that the fact that the bank gave notice declining to allow the amendments operated as a waiver of the objection that the same were not filed in time. It is not necessary to discuss the proposition that such right might be waived, but we are of the opinion that the facts shown do not make such a case as would justify the court in so holding. It appears that the bank took such steps as it was authorized by law to make its proposed statement a part of the record, and that the objection to the

proposed amendments, for the reason that the same were not filed within the time required, was made at the first opportunity. It can hardly be said that making an objection to the allowance of the proposed amendments, in the manner and at the time required by statute, would operate as a waiver of a right to make further objections to the amendments, which could only be made at a subsequent time and which were made at the first opportunity.

The bank, as shown by the record, used due diligence in its attempt to preserve all its rights. If the statute had required the bank to make the objection to the proposed amendments, that the same had not been filed within the time required, in other manner and at other times than it was made, and had failed in that respect, then there would be merit in relator's contention. The authorities cited by the relator hold that it is a well settled rule that, if a party appears and argues a motion upon its merits without insisting upon objections to the moving papers, he thereby waives such objection. (Hayne on New Trial and Appeal, sec. 145.)

The other authorities cited by the relator in support of this contention are to the same effect, and we are unable after diligent search to find any authority that holds to the contrary.

For these reasons the writ will be denied.