## Ex Rel. GRAY *v.* SECOND JUDICIAL DISTRICT COURT

No. 2842

June 5, 1929. 278 P. 363.

*Wayne T. Wilson,* of Reno, for Relators.

*Cole L. Harwood* and *John D. Hoyt,* both of Reno, for Respondents.

By the Court, DUCKER, C. J.:

This is an original proceeding in mandamus. The petition for the writ verified by Wayne T. Wilson, Esq., shows that he was attorney for relators in the proceeding and trial of the case, Coykendall, et al. v. Donley Gray, et al., case No. 24228, in said district court, Hon. Geo. A. Bartlett sitting as judge; that as such attorney he did on the 21st day of April, 1928, and within the time allowed by law, file with the clerk of said court

a bill of exceptions in said case; that prior to the preparation and filing of said bill of exceptions the defendants below, relators here, made inquiry of the court reporter who reported the trial and were informed that a transcript of the testimony and evidence in the case would cost the relators the sum of $700; that relators not being financially able to pay for such a transcript instructed affiant to prepare a bill of exceptions in narrative form, which affiant prepared, setting out in substance all of the proceedings relating to the point or points involved, fully and correctly, including all of the exhibits that in any way might aid the supreme court in deciding the point or points involved; that plaintiffs filed their objections to the bill of exceptions, in which they objected to the same upon the ground that the court reporter's transcript of all the testimony, together with all the exhibits introduced in the trial is the only bill of exceptions which would authorize the supreme court to review the points in question.

The matter of settling the relators' bill of exceptions was heard by Hon. Geo. A. Bartlett, judge of said Second judicial district court. The court sustained plaintiffs' objections, and in its order declared that the court reporter's transcript duly certified by him to be a full, true, and correct transcript of all of the testimony, together with copies of all the exhibits introduced at the trial, would be the only bill of exceptions which the court would certify to the supreme court in this proceeding.

The petition further alleges that plaintiffs did not file objections to the relators' bill of exceptions, specifically pointing out wherein said bill of exceptions fails to state the true facts, or wherein the same omits any fact necessary to explain or make clear any ruling, decision, or action of the court, but, on the contrary, the objections filed are argumentative, contain nothing but conclusions, and state no objection to the bill of exceptions as contemplated by the statute; that, unless the bill of exceptions is settled by the usual method of settling a bill of exceptions in narrative form, relators

will not be able to bring this case to the supreme court; and that the order refusing to settle said bill of exceptions is not an order from which they have the right of appeal. A writ of mandamus requiring said judge to settle said bill of exceptions as filed is prayed for.

On the hearing of the application for the writ a copy of the proposed bill of exceptions was filed in the proceedings, and it was stipulated by counsel that it might be considered by the court.

The sections of the statute involved in the determination of the question presented are section 1 of Stats. 1923 at pages 163 and 164, and section 3 of Stats. of 1915 at pages 164 and 165. These sections read, respectively, as follows:

"SECTION 1. At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after the decision upon such motion, any party to an action or special proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding. A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court; *provided, however*, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

"SEC. 3. Any adverse party may object to the allowance and settlement of any bill of exceptions herein

provided for within five (5) days after the service of the same, by serving upon the opposite party and filing in said court a statement specifically pointing out wherein said bill does not state the true facts, or wherein the same omits any material fact necessary to explain or make clear any ruling, decision, or action of the court. Such objection shall be heard and determined by the court within five (5) days thereafter, and upon such hearing the court shall designate in what respect said bill is incorrect or untrue, or fails or omits to state the true facts, and shall order and direct that such bill be corrected in accordance with said determination, and engrossed so as to contain the true facts as herein required, and when so engrossed said bill shall be allowed and settled as in this act provided, and when so settled shall become and be a part of the record of said action. If the objections of the adverse party are disallowed, then such bill as originally filed shall be immediately settled and allowed as by this act required."

■ Section 1 clearly gives a party the option to file a bill of exceptions which shall contain the substance of the proceedings relating to the point or points involved, or a transcript of the proceedings certified by the court reporter as required by the section, which shall constitute the bill of exceptions.

The trial court cannot dictate to a party which one of these two methods he must adopt. The privilege given to a party to adopt either is very plainly expressed.

■ When the latter method is chosen, if the adverse party considers that the transcript is incorrect, he may proceed on motion for its correction as prescribed in said section 1. If the former is chosen and the adverse party considers that the proposed bill of exceptions does not state the facts correctly or omits any material fact necessary to explain or make clear any ruling, decision, or action of the court, he may proceed for its correction in accordance with the procedure prescribed by said section 3 of the act of 1915. This was the method chosen in this case, and, unless the the plaintiffs proceeded in the manner prescribed, they forfeited their

right to be heard on the allowance and settlement of the proposed bill of exceptions. Reinhart Co. v. Oklahoma Gold Mining Co., 48 Nev. 32, 226 P. 902, 233 P. 842.

■ Respondents represented in their return, and argued on the hearing, that plaintiffs complied with the requirements of section 3 of the act of 1915 in making their objections to the proposed bill of exceptons. We do not think so. Plaintiffs' objections to the proposed bill of exceptions, 13 in number, are set out in the petition. In each one of them it is stated that the court reporter's transcript of all the testimony and evidence introduced at the trial is the only bill of exceptions which would authorize the supreme court to review the point in question, and such transcript, together with the copies of all the exhibits introduced in evidence and copies of all the papers used on the motion for a new trial is proposed to be used in lieu of any other bill of exceptions. In a number of the objections it is stated that the proposed exception is argumentative and does not state a proceeding of the court during the course of the trial to which exception is made. In some of the objections it is stated that the matter excepted to was entirely within the discretion of the court. There was not even a substantial compliance with said section 3, and plaintiffs therefore had no right to be heard against the allowance of relators' proposed bill of exceptions.

■■ Section 3, as we have seen, requires an adverse party, if he wishes to object to the allowance and settlement of a bill of exceptions, to serve and file a *"statement specifically pointing out* wherein said bill does not state the true facts, or wherein the same omits any material fact necessary to explain or make clear any ruling, decision, or action of the court." This requirement has a very definite and precise meaning. It is opposed to any general designation. It means that the true facts, as claimed by the adverse party, must be stated in a particular manner. They must be supplied in the statement. Nowhere in any of the objections was this attempted to be done. Plaintiffs' objections should have been disregarded. Counsel for respondents,

on the hearing in this court, first took the position that under the circumstances of this particular case, it was necessary for the relators to furnish the court reporter's transcript as the bill of exceptions. They later in the argument receded from this position and contended that the burden was on the relators, after their objections in the lower court, to supply the substance of the testimony and evidence on the points involved wherein such testimony or evidence was incorrect in not stating the true facts or in omitting essential facts. As we have pointed out, neither position is tenable. As previously stated, an appellant can always make up a bill of exceptions consisting of the substance of the testimony and evidence on the point or points involved. A denial of this privilege would, in some cases, where an appellant was financially unable to furnish the court reporter's transcript, work a positive injury. It would in such cases practically deny the right of appeal. As to the burden claimed by respondents, the relators had filed what they claimed was a bill of exceptions. The burden was therefore on the plaintiffs, if they deemed the proposed bill of exceptions to be incorrect or defective in its statements of facts, to proceed as prescribed by said section 3 of the act of 1915.

 Was the trial court justified in refusing to allow and settle the proposed bill of exceptions? We think not. The proposed bill purported to contain the substance of the testimony and evidence relating to the points involved. It was therefore the duty of the trial judge or court to settle it as presented or to make it conform to the truth and settle it, if it were deficient in that respect. Counsel for relators contend that, as no proper objection was made to the proposed bill of exceptions, it was the duty of the trial judge to settle it as presented. We cannot agree to this. Under the old practice requiring a statement on motion for a new trial, it was held that, when there had been no amendments to the statement proposed and filed within the time limited, or when no amendments had been filed at all, there was nothing for the judge to settle, and the proposed

statement became, by operation of the law, a part of the record. State v. Cheney, 24 Nev. 222, 52 P. 12. But the legislative intent to this effect was clearly apparent from the provisions of the act providing for such a statement, as the court pointed out. However, there is nothing in the act of 1915 or in the act of 1923 to indicate that it ·was intended to bind the trial court by the bill of exceptions as filed in case no objections are made. Section 1 of the act of 1923 provides that it shall be the duty of the trial judge or court to settle a bill of exceptions filed within the time prescribed, whenever the method of embodying in such a bill the substance of the proceedings relating to the point or points involved is adopted. It is otherwise, when the method of the court reporter's transcript is chosen, unless on motion duly noticed, as provided in the section. If no motion for correction is made, the transcript certified by the court reporter and filed in due time becomes the bill of exceptions by operation of the law without settlement by the court or stipulation of the parties. But as the power and duty to settle the bill of exceptions when the former method is chosen are expressly given by said section, and not there or elsewhere limited, it follows that the trial judge or court is not bound by such a bill when presented, even in the absence of objections. If a bill of exceptions is filed, in due time, showing affirmatively that it contains the substance of the proceedings relating to the points involved, the trial judge or court must follow the mandate of the statute and settle it. It must be made to conform to the truth.

It is therefore ordered that a peremptory writ of mandate issue herein commanding respondents to settle relators' bill of exceptions without requiring them to furnish a transcript of the proceedings.

ON PETITION FOR REHEARING

August 9, 1929.

*Per Curiam:*

Rehearing denied.