STATE Ex Rel. CAPURRO *v.* SECOND JUDICIAL
  DISTRICT COURT, in and for Washoe County,
  . Et Al.

No. 2991

January 6, 1933.                    17 P.(2d) 695.

*Wm. Kearney,* for Relators.

*Thatcher & Woodburn, John Donovan,* and *Le Roy Pike,* for Respondents.

## OPINION

By the Court, SANDERS, C. J.:

This is an original proceeding by the state, on the relation of Ernest Capurro and others for a writ of mandamus requiring Hon. Thomas F. Moran, as judge of the Second judicial district court of the State of Nevada, in and for Washoe County, to settle and allow a proposed bill of exceptions, timely served and filed, in the consolidated cases of Reno Plumbing & Heating Company and others, and the Red River Lumber Company and others against the relators Ernest Capurro and others, or to show cause why the application for the writ should not be granted.

The matter was submitted for decision upon the pleadings, which consist of the petition, respondents' demurrer thereto, their answer or return to the show cause order, the relators' demurrer, and their reply to the respondents' answer.

The facts stated in the petition for the issuance of the writ are as follows: That on the 29th day of February, 1932, the relators herein, by and through William M. Kearney, their attorney, filed with the clerk of the Second judicial district court of the State of Nevada, in and for the county of Washoe, which is the county in which said trial was had, a bill of exceptions in said case in

support of its appeal, consisting of three volumes and containing 885 pages, embracing the pleadings, consisting of the judgment roll and certain exhibits and the testimony of witnesses, which contains the substance of all the proceedings and all the material evidence relating to the point or points involved in said appeal and proceeding; that the said bill of exceptions was duly and regularly served upon counsel and each of the said plaintiffs and intervening plaintiffs in said case; that the said bill of exceptions, in the form and manner presented, contains all of the proceedings relating to the point or points involved, fully and correctly, including all of the exhibits that in anyway affect said proceeding or that would aid the supreme court in deciding the point or points involved. The petition further alleges that no objections were interposed to the bill of exceptions within the time allowed by law or at all, and that after time had passed for the filing of such objections the relators requested the respondent judge to settle and allow the bill of exceptions as required by law. The petition states that the respondent judge, in passing upon the application for the settlement and allowance of the bill, filed a written opinion, attached to the petition and marked exhibit A. The exhibit shows that the respondent judge declined and refused to settle and allow the bill of exceptions upon the ground and for the reasons that the bill of exceptions as proposed did not conform to the requirements of the practice act relative to the settlement of a bill of exceptions, and, instead of its being a bill of exceptions, it was considered to be a succession of extracts from the transcript of the testimony, copies of exhibits, orders, and pleadings, and that on comparing the bill, as proposed for settlement and allowance, with the transcript of the testimony of the entire case on file in the cause, it appeared that considerable material evidence had not been included in the proposed bill of exceptions, and that the same did not contain the substance of the proceedings relating to the point or points involved. Wherefore, the court ordered

as follows: "It is further ordered, adjudged and decreed that as the proposed bill of exceptions is not a true transcript of the proceedings, that the transcript by the court reporters, A. R. Shewalter and J. A. Callahan, properly certified, with all pleadings and exhibits, be and the same is hereby made the bill of exceptions in the above-entitled case. Settled and allowed this 27th day of May, 1932."

The petition alleges that said order is a nullity and without the power of the court to order, and that for the purposes of this proceeding it should be vacated and annulled. The petition concludes with the general prayer that respondent be required to settle, allow, and certify the bill of exceptions in the manner and form provided by statute, or make said record speak the truth and then to settle it as the bill of exceptions in the case.

The demurrer to the petition raises two questions: One, "Does the petition state facts sufficient to entitle the relators to the relief prayed?" and the other, "Will mandamus issue to control discretion or to review judicial action?" As to the first ground of demurrer, the respondents, upon argument, took the position that the transcript, consisting of 885 pages of testimony and other matter, does not meet the requirements of the statute and is not available as a bill of exceptions; therefore, the respondent judge or court was not required to settle such record as and for a bill of exceptions. Section 1 of the statute of 1923, c. 97, p. 163 (section 9398 N. C. L.), reads as follows:

"§ 9398. *Bill of Exceptions, How and When Filed.— Transcript of Proceedings May Constitute Bill of Exceptions.*

"§ 1. At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after the decision upon such motion, any party to an action or special proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill

of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or special proceeding. A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court; *provided, however*, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

In the recent case of State ex rel. Gray v. Second Judicial District Court, 51 Nev. 412, 278 P. 363, 365, it was held that "if a bill of exceptions is filed, in due time, showing affirmatively that it contains the substance of the proceedings relating to the points involved, the trial judge or court must follow the mandate of the statute and settle it. It must be made to conform to the truth."

■ Generally, under our practice, nothing becomes a part of the record upon the trial of a case in the district court so as to enable this court to review alleged errors, except such as may appear from the judgment roll, unless made a part of the record by being included in a bill of exceptions. Brearley v. Arobio, 54 Nev. 382, 12 P.(2d) 339.

Our practice act contemplates at least two methods of having a bill of exceptions prepared and settled. One is the preparation of a proposed bill of exceptions in a statement of only so much of the proceedings as is necessary to present to this court the point or points involved. And though there may be numerous objections and rulings to a certain line of testimony, it is not necessary that the point be presented in a bill of exceptions but once. The practice mentioned grew up long

before court reporters were available, and was a simple, safe, and inexpensive method of presenting to an appellate court questions sought to be reviewed, and one which the poor man could resort to. Another method of having a bill of exceptions prepared is to have the court reporter transcribe the testimony, objections, and rulings, and certify that the same is a full, true, and correct transcript of the proceedings.

The attorney for the defeated party can elect which method he will resort to. If his client is wealthy, or if he does not care to take the time to prepare a brief statement of the testimony, objections, and rulings of the court, he can have the reporter make a transcript. If he resorts to the first method mentioned it becomes the duty of the court to settle the bill of exceptions as tendered, or, if it is incorrect, defective, or otherwise fails to so state the facts as to enable this court to readily understand the points involved, it is his duty to so amend it as to make it state the facts. Such is the law as enunciated in State ex rel. Gray v. District Court, supra. The trial court cannot adopt a different method of settling the bill of exceptions than that chosen by the counsel for appellant.

There seems to be a tendency on the part of trial courts to order a transcript of the testimony before deciding the case, to be paid for by the litigants. This is likely to grow into a serious evil. Litigants in such a delicate situation do not feel that they can object. This criticism does not apply to noncontested divorce cases.

The petitioner is entitled to the writ sought. It is true, as contended, that the discretion of a trial court cannot be controlled by mandamus. It is not sought to control his discretion as to what corrections or amendments should be made, but simply to compel it to settle the bill of exceptions in accordance with one of the methods contemplated by law.

It is ordered that the peremptory writ sought issue instanter, directing the respondent to settle the bill of

exceptions proposed by petitioners, or, in case the same does not fully or correctly state the facts as to the point or points involved, to correct and amend it in such manner as to make it do so, and to then settle the same.