IN THE MATTER OF THE ESTATE OF CLETO AGUIRRE, DECEASED.

### STEVE AGUIRRE, APPELLANT, *v.* ALBERT AGUIRRE, RESPONDENT.

No. 3162

December 4, 1936.                    62 P. (2d) 1107.

*Albert A. Hinman,* for Appellant:

*Ham & Taylor,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

The deceased left a will in which no nomination of an executor is made, naming his brother Steve Aguirre as the sole devisee and legatee. Steve Aguirre presented a petition for the probating of the will to the district court of Clark County, praying that letters of administration with the will annexed, be issued to him.

The matter came on for hearing on November 15, 1935, when due proof was made of the execution of the will. On the same day, Albert Aguirre filed a contest in writing in said matter in which it was alleged that he was the son and only child of deceased; that he was not named in said will and that the omission was unintentional; that deceased left no wife surviving him; and that contestant was entitled to letters of administration with the will annexed.

The contest was regularly heard, and the court made and entered an order admitting the will to probate, granting the petition of contestant for the issuance to him of letters of administration with the will annexed,

and denying the petition of Steve Aguirre. He has appealed from that part of the order denying his petition for letters and granting the petition of Albert Aguirre, and from the order denying a motion for a new trial.

Appellant contends that the evidence is not sufficient to support the findings of the court upon which the foregoing orders were made and entered. He does not contend that the evidence is deficient in proving that respondent is the son and sole surviving child of deceased. This was amply proved by the testimony of respondent, his mother Annie Martinez, and Leonor Aguirre. His main contention is that there is no competent evidence to sustain the finding that Cleto Aguirre was divorced from respondent's mother, and was at the time of his death a single man. It is therefore argued that, insofar as the record discloses, respondent's mother is the surviving wife of the deceased and as such is entitled to all the estate under the presumption that it is community property and that respondent on that account is not entitled to letters of administration.

■ We think the evidence is sufficient to support the last-mentioned finding. There is no direct testimony or evidence to the effect that deceased was ever divorced from respondent's mother, it is true, but there is testimony admitted without objection, which we deem sufficient. In this regard respondent testified as follows:

"Q. Do you know whether or not at the time your father died he was married? A. I do.

"Q. Was he? A. No."

Leonor Aguirre testified as follows:

"Q. Were you married to Cleto Aguirre during 1920? A. Yes, sir.

"Q. Were you divorced from him during the month of May, 1935? A. Yes, sir."

■ Respondent's testimony that his father was not married when he died was not objected to by counsel for appellant, nor was it sought on cross-examination

to inquire into the source of respondent's information, or otherwise test the truth of his testimony. Moreover, the testimony is strengthened by the presumption which flows from the subsequent marriage of Cleto Aguirre to Leonor Aguirre. This overthrew the presumption of the continuance of the first marriage, which appellant contends is sufficient to controvert any evidence in the record that deceased was divorced from respondent's mother, and leave the court's finding to this effect without substantial basis.

■ The effect of the former presumption is well stated in 38 C. J., p. 1328, as follows: "In the case of conflicting marriages of the same spouse, the presumption of validity operates in favor of the second marriage. Accordingly the burden of showing the validity of the first marriage is on the party asserting it, and even where this is established it may be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved either by a decree of divorce or by the death of the former spouse, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage." Wilcox v. Wilcox, 171 Cal. 770, 155 P. 95.

The reason for the rule is stated in Lopez v. Missouri, etc. R. Co. (Tex. Civ. App.), 222 S. W. 695, 697, as follows: "When there has been a formal marriage, according to legal requirements, the law will presume the competency of the parties to enter into the marriage contract, and will presume that any former marriage of either of the parties was dissolved by death or divorce. This is based on the desire of the law to protest innocence, morality, and legitimacy rather than presume the continuance of the first marriage."

■ Appellant adduced no evidence to counter the effect of this presumption. To obviate its effect, however, he attempts to invoke a presumption which he claims arises from the fact that respondent's mother, when asked on cross-examination if she had ever been

divorced from Cleto Aguirre, declined to answer the question upon the ground that it might incriminate her, and was not compelled by the court to answer. There is no merit in this contention. The privilege conferred in such a case is absolute. This would not be so if a presumption of guilt attached in claiming it. We wish to say in passing, that appellant does not contend that the court erred in not compelling the witness to answer under the circumstances of the case.

■■ The trial court having found on sufficient evidence that Cleto Aguirre was a single man at the time of his death and that Albert Aguirre is the sole heir and entitled to succeed to his entire estate, did the court err in its order appointing Albert Aguirre administrator of the estate of deceased with the will annexed? We think not. The trial court's written opinion, which appears in the record, correctly states the law and is adopted as our own on this phase of the case. The court said:

"* * * In the argument of counsel it is conceded that section 9637 N. C. L. 1929 applies only in case of intestacy, and that the only direct statutory authorization for the issuance of letters with the will annexed is that portion of section 9628 which reads as follows:

" 'A petition may also be filed for the issuance of letters of administration, with the will annexed, in all proper cases.'

"Counsel for the proponent takes the position that letters of administration with the will annexed can only be issued to a person interested in the will as distinguished from a person interested in the estate. To uphold the contention that only a person interested in the will is entitled to such letters would, to the mind of the Court, entirely defeat the announced purpose of the law, namely, that the person having the right to the estate ought to have the right of administration, the rule being stated as follows:

" 'As a general rule, to cover the cases not specifically provided for, the person having the right to the estate

ought to have the right of administration and the grant will be generally made to the person having the largest interest.' 24 C. J. 1161, and cases cited therein.

"And in passing upon the question, the Supreme Court of Oklahoma in 'Re Smith's Estate, 125 Okl. 104, 256 P. 725, 726, used the following language:

" 'There is no statutory designation of persons entitled to appointment in case of appointment of administrator with the will annexed, and our statute was adopted with precedents prevailing in other states and at common law, and these prevailing precedents are to the effect that the right to such an appointment follows the property.'

"The above proposition of law, thus announced, seems to be well settled, but the question here which has given some difficulty is, Are we confined to the statement made within the four corners of the will in our determination as to who has the interests in the property? Such a determination manifestly could and would work a hardship, especially in cases such as the one under consideration where a child is unintentionally omitted from the will, and though entitled to the estate, would be forced to have the affairs of the estate handled by one having no interest in said estate as appears from the proofs made at the hearing. I cannot agree with the statement of counsel for the proponent in speaking of section 9628 Nevada Compiled Laws, 1929, wherein he states 'that said section itself refutes the contention that any one may file written opposition.' That section refers to the granting of Letters Testamentary and section 9643 does not limit the opposition to the sole ground of incompetency of the applicant, but is in the alternative and gives the additional right to a person 'to assert his own right to the administration, and pray that letters be issued to himself. * * *'

"The case of In re Crites' Estate, 155 Cal. 392, 101 P. 316, 317, is cited as the leading authority on the proposition that the determination of the person entitled

to Letters of Administration with the will annexed must be a person entitled to take under the express terms of the will. However, the right asserted in that case was upon the ground that the wife was an heir. Her interests were attempted to be disposed of by the terms of the will and she asserted no right to the property. No showing was made that, notwithstanding the terms of the will, she was entitled to share in the distribution of the property. The following language used by the court is significant and is indicative of what the court would have done had she shown that she was entitled to share in the property, notwithstanding the statements made in the will: 'It is not meant by this to declare that, notwithstanding the terms of a will, a petitioner, such as a widow, would be forbidden to show that, despite its language, she was entitled to succeed; but, in the absence of such showing, her rights are measured by the terms of the instrument under which she seeks to act.' ''

■ Appellant assigns as error the court's allowance of respondent's amendments and additions to the bill of exceptions, which consist of a transcript of the testimony of the witnesses Leonor Aguirre, Albert Aguirre, and Annie Martinez. In this connection it is insisted that respondent's statement of objections to the allowance of the bill of exceptions is not specific and should have been presented in narrative form. We think the assignment is in substantial compliance with section 32 of the Statutes of 1935 (chapter 90). The objection to the correction of the bill of exceptions by said transcript is based on the fact that appellant did not file and serve a transcript of the proceedings as the bill of exceptions, but adopted the alternative method provided in section 31 of said Statutes of 1935. There is nothing in the law prohibiting a trial court from correcting a proposed bill of exceptions in whichever mode presented, by causing portions of the transcript of the proceedings to be engrossed with it so as to supply all material facts

necessary to make clear any ruling, decision or action of the court. The object is to make the bill speak the truth, and the manner of effecting this end is of no importance.

The case of State ex rel. Gray v. District Court, 51 Nev. 412, 278 P. 363, cited by appellant, is not in point. We there held that a trial court could not compel an appellant to select the mode of a certified transcript of the proceedings as his bill of exceptions. We also held that the statement did not specifically point out the defects in the bill of exceptions. Such is not the case here on either point.

It is also objected that the trial court incorporated in the bill of exceptions more of the testimony than was necessary. Even so, it is not apparent how the appellant was prejudiced thereby.

It follows from what we have said that there was no error in the orders denying the motion for modified and additional findings, and the motion for a new trial.

The order denying the petition of appellant and granting the petition of respondent for letters of administration with the will annexed, and denying the motion for a new trial, should be affirmed.

It is so ordered.

## ON PETITION FOR REHEARING

March 5, 1937.                                     65 P. (2d) 685.

**OPINION**

By the Court, DUCKER, J.:

■ The petition for rehearing presents only a reargument of appellant's case. We do not see anything in it that causes us to doubt the correctness of our opinion. Rehearings are not allowed merely for reargument. There must be shown a reasonable probability that the court reached an "erroneous conclusion, or overlooked some important question which was necessary to be discussed in order to arrive at a full and proper understanding of the case." State ex rel. Copeland v. Woodbury, 17 Nev. 337, 30 P. 1006, 1011.

■■ The burden of appellant's argument now, as before, is that respondent's testimony is not competent to sustain the finding that Cleto Aguirre (respondent's father) was divorced from respondent's mother, and was at the time of his death a single man. The testimony of the son is that his father was not married when he died. As the mother was living at the time, this testimony indirectly proves that they had been divorced. True, it is not the best evidence of a divorce, but counsel did not object to it on that or any ground. Being then willing to have the fact proved in that way, he is concluded now from having the evidence declared incompetent. Vietti v. Nesbitt, 22 Nev. 390–397, 41 P. 151. As stated in Sherwood v. Sissa, 5 Nev. 349, 355: "If evidence secondary or hearsay in its character be admitted without objection, no advantage can be taken of that fact afterwards, and the jury may, indeed

should, accept it as if it were admissible under the strictest rules of evidence."

A court should treat such evidence in the same way. Dalton v. Dalton, 14 Nev. 419, 427; Watt v. Nevada Cent. R. Co., 23 Nev. 154, 163, 44 P. 423, 46 P. 52, 726, 62 Am. St. Rep. 772.

The testimony also adequately supports the finding that the deceased was not married when he died.

A rehearing is denied.