W. H. THIESS, Respondent, *v.* PAUL RAPAPORT
AND ETHEL RAPAPORT, Doing Business Under
THE NAME AND STYLE OF ETHEL'S DELICATES-
SEN, Appellants.

No. 3260

April 3, 1939.                    89 P.(2d) 5.

*Albert A. Hinman,* for Respondent:

*Harold M. Morse,* for Appellants:

## OPINION

By the Court, TABER, C. J.:

Upon the second trial of this action in the Eighth judicial district court, Clark County, plaintiff was awarded a money judgment against defendant (appellant) Paul Rapaport, but the action was dismissed as to the other defendant, Ethel Rapaport. Each defendant moved separately for a new trial, but both motions were denied. Both defendants have appealed to this court.

The amended notice of appeal was served and filed September 20, 1938. On the same day defendants also filed in the district court "Transcript on Appeal and Transcript of Testimony in lieu of Bill of Exceptions."

The district court, on said 20th day of September 1938 made the following order: "Upon good cause shown, the Plaintiff reserving all rights to object to the Bill of Exceptions of the defendants herein upon the ground the same was not served and filed in time, and having stated his intention to move for an Order striking the same: It is hereby ordered that the plaintiff may have to and including the 1st day of October, 1938, within which to serve and file his Notice of Motion for an Order Striking said Bill of Exceptions, in which event, said Plaintiff may have five days after notice of final decision upon said Motion within which to serve and file all other objections which he may have to the allowance and settlement of said Bill of Exceptions. It is further ordered that in the event said

Notice of Motion is not served and filed within the time above limited, that plaintiff shall serve and file his said Objections to the Allowance and Settlement of said Bill of Exceptions on or before the 5th day of October, 1938." On September 21, 1938, plaintiff served upon defendants, and filed with the clerk of the district court, written notice of said order.

On said 21st day of September 1938 appellants (defendants) deposited with the clerk of the district court three hundred dollars in cash in lieu of an undertaking on appeal.

On September 27, 1938, plaintiff served and filed with the clerk of the district court his notice of motion to strike said transcript on appeal and transcript of testimony in lieu of bill of exceptions. There is nothing before this court to show that this motion was ever heard or determined.

The only service of the transcript on appeal and transcript of testimony in lieu of bill of exceptions was that made on plaintiff September 20, 1938.

On October 8, 1938, defendants withdrew said transcript on appeal and transcript of testimony in lieu of bill of exceptions from the files in the office of said district court clerk, transmitted said transcripts to the clerk of this court, who filed the same herein on October 14, 1938. There is nothing to show that plaintiff (respondent) at any time noticed any motion in the district court to correct any error in the said transcript of proceedings, or that he served or filed any objections to the allowance and settlement of any bill of exceptions.

Respondent has made four motions in this court. The first is a motion for an order striking from the files the transcript on appeal and transcript of testimony in lieu of bill of exceptions, upon the ground that both of said transcripts were, and each of them was, prematurely served and filed.

The second motion is for an order striking from said transcripts all portions thereof, except such portions as

constitute the judgment roll. This motion is based upon two grounds, first, that the portions of said transcripts sought to be stricken are not embraced in a bill of exceptions duly settled and allowed; second, "that the same as a Bill of Exceptions has been waived."

The third motion is for an order striking appellants' opening brief from the files. The grounds upon which this motion is made are, first, that said brief was prematurely served and filed; second, that it is irrelevant and immaterial to the questions involved as shown by the record.

The fourth motion is for an order dismissing the appeal as to the appellant Ethel Rapaport, and for damages. This motion is made upon the grounds, first, that appellant Ethel Rapaport is not a party aggrieved; second, that the appeal as to her is unauthorized and was made for delay.

Section 31 of the 1937 new trials and appeals act, Stats. of Nevada 1937, chap. 32, at pp. 63–65, provides, in part, that:

"At any time after the filing of the complaint and not later than twenty (20) days after final judgment, or if a motion be made for a new trial, then within twenty (20) days after service of written notice of the decision upon such motion, except as in subdivision (2) of this section otherwise provided, any party to an action or proceeding may serve and file a bill of exceptions to such judgment or any ruling, decision, order, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, by attaching thereto or inserting therein a certificate or stipulation to the effect that such bill of exceptions is correct, contains the substance of the proceedings relating to the point or points involved and has been settled and allowed, and when such bill of exceptions has been so settled and allowed it shall become a part of the record in such action or proceeding.

"Bills of exceptions shall be made up and prepared as follows, and not otherwise:

"(1) A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto. The transcript of the proceedings, certified by the court reporter, as herein provided, together with all other matters, exhibits, motions, papers or orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or proceeding.

"(2) When the transcript of the proceedings, as provided in subdivision (1) of this section, is not served and filed as the bill of exceptions of the proceedings relating to the point or points involved upon such proceedings, then the bill of exceptions shall be based and be prepared upon a record of the proceedings made up as follows:

"(a) The point of the exception shall be particularly stated, and may be delivered in writing to the judge, or, if the party require it, shall be written down by the clerk. When delivered in writing or written down by the clerk, it shall be made conformable to the truth, or be at the time, or at or before the conclusion of the trial, corrected until it is so made conforamble to the truth. If the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and according to such regulations as the supreme court may by rules impose, and

such exceptions as are allowed by said supreme court shall become a part of the record of the cause. * * . *

"(d) When the bill of exceptions of the proceedings, as provided for in subdivision (2) of this section, is used instead of the bill of exceptions, as provided for in subdivision (1) of this section, and such bill of exceptions has been settled and allowed by the judge or court, or by stipulation of the parties, as herein provided, the same, together with other matters, exhibits, motions, papers or orders required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, it shall become a part of the record in such action or proceeding; provided, however, that no party to any action or proceeding shall have the benefit or the right to present or use the form of bills of exceptions, as authorized in subdivision (2) of this section, unless such party, in open court and before the taking of any testimony, stated such intention and caused such statement of intention to be entered of record in such action or proceeding by the clerk of the court."

Section 32 of said act, Stats. of Nevada 1937, chap. 32, at p. 65, reads as follows: "Any adverse party may object to the allowance and settlement of any bill of exceptions herein provided for within five (5) days after the service of the same, by serving upon the opposite party and filing in said court a statement specifically pointing out wherein said bill does not state the true facts, or wherein the same omits any material fact necessary to explain or make clear any ruling, decision, or action of the court. Such objection shall be heard and determined by the court within five (5) days thereafter, and upon such hearing the court shall designate in what respect said bill is incorrect or untrue, or fails or omits to state the true facts, and shall order and direct that such bill be corrected in accordance with said determination, and engrossed so as to contain the true facts as herein required, and when so engrossed

said bill must be allowed and settled as in this act provided, and when so settled shall become and be a part of the record of said action or proceeding. If the objections of the adverse party are disallowed, then such bill as originally filed must be immediately settled and allowed as by this act required."

We shall now take up respondent's motion for an order striking from the files of this court the transcript on appeal and transcript of testimony in lieu of bill of exceptions. Respondent contends that the transcript of the record on appeal was filed in this court prematurely because, prior to its filing herein, respondent, pursuant to said district court order of September 20, 1938, had noticed a motion in that court to strike the transcript on appeal and transcript of testimony in lieu of bill of exceptions from the files, and said motion to strike was pending and undetermined when the transcript of the record on appeal was filed in this court; and for the further reason that by the express terms of said district court order of September 20, 1938, respondent (plaintiff) was given five days, after notice of final decision upon said motion to strike, within which to serve and file all other objections he might have to the allowance and settlement of said bill of exceptions.

Appellants take the position that pursuant to the provisions of subdivision (1) of said section 31 of the 1937 new trials and appeals act, they served and filed a transcript of the proceedings properly certified to by the clerk of the trial court and by the court reporter, all to be used as a bill of exceptions; that no further settlement was necessary; that respondent (plaintiff) did not, within five days after the service upon him of the proposed transcript on appeal and transcript of testimony in lieu of bill of exceptions, or at any other time, propose any amendments thereto, although given the opportunity to do so; and that the said district court order of September 20, 1938, was and is ineffectual for any purpose. Besides subdivision (1) of said section 31, appellants rely upon State ex rel. Capurro v. District Court,

54 Nev. 371, 17 P. (2d) 695, and Anderson v. Snell, 57 Nev. 78, 58 P. (2d) 1041, 1042, 62 P. (2d) 703.

In the Capurro case, supra, this court said [54 Nev. 371, 17 P. (2d) 697]: "Our Practice Act contemplates at least two methods of having a bill of exceptions prepared and settled. One is the preparation of a proposed bill of exceptions in a statement of only so much of the proceedings as is necessary to present to this court the point or points involved. * * * Another method of having a bill of exceptions prepared is to have the court reporter transcribe the testimony, objections, and rulings, and certify that the same is a full, true, and correct transcript of the proceedings. The attorney for the defeated party can elect which method he will resort to. * * * The trial court cannot adopt a different method of settling the bill of exceptions than that chosen by the counsel for appellant."

In Anderson v. Snell, supra, referring to the last sentence of subdivision (1) of sec. 31 of the 1935 new trials and appeals act (Stats. of Nevada 1935, chap. 90, at p. 203), which is identical with the last sentence of subdivision (1) of the 1937 new trials and appeals act (Stats. of Nevada 1937, chap. 32, at pages 63, 64), we said: "Respondent argues that this language signifies that the transcript of the proceedings, as well as the other matters mentioned, must be settled and allowed by the court or by stipulation of the parties before they can become a part of the record as a bill of exceptions. We do not so interpret the language. It means only that such other matters not properly a part of the judgment roll must be settled and allowed. We pointed out in Picetti v. Orcio, 56 Nev. [1], 41 P. (2d) 289, where chapter 97, Stats. of 1923, containing language substantially the same as to making a transcript of the proceedings certified by the court reporter, the bill of exceptions was under consideration, that it was not contemplated that such a transcript might not be used with other documents or matters to make up a bill of exceptions to be

settled by the trial judge. We say the same as to the statute before us."

The authorities relied on by appellants are not determinative of the problem now confronting us. When the transcript of the record on appeal was withdrawn from the files of the district court and filed with the clerk of this court, there was, as we have seen, a motion to strike pending in the district court. This motion was noticed within the time expressly allowed by that court in its order of September 20. Appellants have cited no authority holding that the trial court was without jurisdiction (a) to make said order, or (b) that it is without jurisdiction to strike a proposed bill of exceptions from its files. There is authority holding that in a proper case the trial court may strike a proposed bill of exceptions. Dainty Pretzel Co. v. Superior Court, 7 Cal. App. (2d) 437, 45 P. (2d) 817; 4 C. J. S., Appeal and Error, p. 1403, sec. 904, note 16.

We conclude that the transcript of the record on appeal was prematurely filed in this court, and that it should be returned to the trial court so that plaintiff's motion to strike, heretofore noticed in that court, may be heard and determined, and such further proceedings had as may be proper in pursuance of said order of September 20, or otherwise authorized by law.

As the transcript of the record on appeal must be sent back to the trial court, we do not deem it proper to pass on respondent's second and fourth motions. Such motions may be renewed in the future if the occasion arises. His third motion, however, for an order striking appellants' opening brief should be granted.

It is ordered that the transcript of the record on appeal filed in this court on the 14th day of October 1938 be forthwith remitted by the clerk of this court to the clerk of said district court, and that proceedings be had in the latter court in conformity with the views herein expressed.

It is further ordered that respondent's motion to

strike appellants' opening brief from the files be, and the same is hereby, granted.

Costs to respondent.

NOTE—COLEMAN, J., died before the foregoing opinion was completed. ORR, J., did not participate in the consideration of any matters connected with this case.