## In the Matter of the Estate of ERNEST GARRISON, Deceased.

No. 3256

June 28, 1939.        91 P. (2d) 818.

*Milton B. Badt,* for Appellant:

*H. W. Castle* and *D. A. Castle,* for Respondent:

## OPINION

*Per Curiam:*

Ernest Garrison died on the 21st day of July 1935 from a self-inflicted wound, in Elko County, Nevada, leaving a holographic will in the following words and figures:

"Sunday July.20/35

"I want Tony Coletta left $200 out of my estate, Nels Anderson loaned enough money to put him through business college. I want Catherine Anderson, and Margariete Wyns loaned enough money to finish high-school and teachers college with. I want Jack McClinsey left $100 to buy necessities at H. S., and him loaned enough money to go through business college with.

"My estate amounts to about $6000 after the deduction of $700 for my wife which I have signed papers to prove.

"I have tried to make this world a better place by having lived in it the time I have. Tried to do right by every body, tried to be of more good than harm to every body. I came in contact with. Tried to do the same by my wife gave her money to finish school at Carbondale, and tried so we could have a home and family of our own, but she found happiness elsewhere and it is impossible for me to go on this life without her. I get no contentment day or night.

"I want a very plain funeral, very little expense. I request Hulbert Percy to preach it. No flattery please. I am just what I am.

"Ernest Garrison

"I want my car left to Walter and Lela Rose. Clothing radio watch etc. goes to Tony. Rest of estate goes to mother."

In due time, on application of the public administrator and after due notice, the district court in and for Elko County appointed the public administrator as administratrix of said estate with the will annexed.

On February 27, 1936, Elsie Garrison, the widow, filed her petition in said matter, alleging that Ernest Garrison, at the time of his death, was a resident of and domiciled in Wheaton, Illinois; that deceased left no real property in the State of Nevada; that petitioner is informed and believes that certain personal property of deceased which was physically present in Elko County, Nevada, had been taken possession of by the public administrator of said county, by reason of her appointment as administratrix, with the will annexed, of the deceased; that petitioner is informed and believes that inasmuch as the residence and domicile of the deceased was in Wheaton, Illinois, at the time of his death, the situs of said personal property was all in Illinois, and without the State of Nevada, and

the jurisdiction of the court in which the proceedings had been instituted; that petitioner is informed and believes that said deceased died intestate. It is further alleged that the public administrator of Elko County, Nevada, on August 9, 1935, filed in the said court an instrument purporting to be the holographic will of deceased, together with a petition for the probate thereof and the appointment of said public administrator as administratrix of said estate.

It is further alleged, inter alia, that petitioner is the surviving wife of said deceased and is entitled to administer said estate.

The petition prays that after due notice an order be entered vacating the order appointing the said public administrator as administratrix with the will annexed of said estate and that petitioner be appointed to administer the same.

To this petition a general demurrer and an answer were filed.

The lower court sustained the demurrer and entered an order dismissing said petition.

Thereupon, without notice, it entered a decree of distribution wherein it held that the deceased did not make a bequest of $700 to Elsie, his widow, but that the deceased merely intended, if anything, to recognize that she had a claim against the estate for that sum, and not having filed proof of claim therefor, she could not assert it.

A motion for a new trial was made and denied.

In the written opinion of the trial court sustaining the general demurrer to the petition of Elsie Garrison asking the revocation of letters of administration, with the will annexed, to Delpha M. Jewell, the public administrator, it is stated that the petitioner relies on section 9649 N. C. L., which reads: "When letters of administration have been granted to any other person than the surviving husband or wife, the child, the father, mother, brother or sister of the intestate, any one of them may obtain the revocation of the letters by presenting to the

district court a petition praying the revocation, and that letters of administration be issued to him or her."

The said section has no application in the instant case. It will be noted that it applies only in cases of intestacy. In so deciding, we are not unmindful of the construction placed on a similar section by the courts of California, in Re Pacheco's Estate, 23 Cal. 476, and In re Li Po Tai's Estate, 108 Cal. 484, 41 P. 486. As evidenced by the petition for revocation, it was the theory of the pleader that Elsie Garrison was entitled to revocation of the letters issued to the public administratrix solely because of being the surviving wife of the deceased. The deceased having died testate, any right of Elsie Garrison to letters would necessarily be based upon her right to take under the will. There is not a sufficient allegation in the petition as to that fact; hence, the decision of the lower court sustaining the demurrer should be upheld. The right to administer follows the right to some portion of the property under the will. In re Aguirre's Estate, 57 Nev. 275, 62 P. (2d) 1107, 65 P. (2d) 685. The theory upon which we uphold the decision of the lower court evidently was not presented there, but it is in the briefs and oral arguments before this court.

Of the points urged for the granting of a new trial, we, as did the lower court, find only the second to merit serious consideration, namely, insufficiency of the evidence to justify the decree of distribution and that the same is against law.

We are concerned with the construction of that provision of the will which reads as follows: "My estate amounts to about $6000 after the deduction of $700 for my wife which I have signed papers to prove." It seems clear that the testator was dealing with the sum of $6,700 which he, either immediately before or at the time of his death, had in his possession. He gave recognition to the fact that $700 of this amount belonged to his wife; and the remaining amount, about $6,000, he wanted to be distributed as directed. The question is,

did deceased turn over to Elsie Garrison the sum of $700 before his death, or did he at the time of his death have in his possession the entire amount of about $6,700?

It appears from the record that the husband and wife, shortly prior to the death of the husband, had been negotiating an agreement for a property settlement. The negotiations disclosed the wife was willing to take the sum of $700 as her share of the property. There is no evidence that the agreement had been executed, and the situation indicates that the death of the husband occurred before the agreement was finally consummated. We conclude from the letters written by the wife and the statement signed by the deceased and Elsie Garrison, which appear in the record, that the payment to the wife of the sum of $700 was agreeable to both. We are also of the opinion that this sum was not paid the wife before the death of the husband. This conclusion is strengthened by the fact that it seemed to be the policy of the parties to reduce their agreements and transactions to writing, and had the proposed agreement been consummated, it is more than probable that there would be in existence some writing evidencing that fact. If the amount had not been paid and was still in the possession of the deceased at the time of his death, the declaration in his will convinces us it was his desire to limit the participation of the wife in the assets of the estate to $700, and the signed papers referred to was her expressed willingness to be content with that amount. The expression made in the will was to inform his representatives of that limitation and to direct that they set aside her interest before making disposition of the remaining amount.

We cannot subscribe to the idea that it was a debt, for which she would be compelled to file a claim. We think it was a definite setting apart of that amount from the assets for the use of the wife, and that the filing of a claim was unnecessary. There is a clear implication from the language used that deceased considered about

$6,700 as the value of his estate, $700 of which belonged to his wife as her share and which she should have. Bequests may be created by implication. In re Smith's Estate, 46 Misc. 210, 94 N. Y. S. 90. The decree of distribution should have recognized this bequest to the wife.

It is ordered that the decree of distribution be modified so as to provide such a bequest to Elsie Garrison.

The argument and briefs filed by the appellant indicate her willingness to take under the will. Having found she is so entitled, and ordered that the decree of distribution be amended in that respect, it is unnecessary to go into the question of her community rights.

■ Two appeals were taken in this matter, one in which the appellant prevailed and one in which the respondent prevailed. It being difficult to apportion the costs as to each, it is ordered that each side pay their own costs.