# PICETTI *v.* ORCIO ET AL.

No. 3096

March 1, 1935.                                        41 P. (2d) 289.

*J. M. Frame* and *W. M. Kearney,* for Appellant, did not file a brief on the motion.

*L. D. Summerfield,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

Pursuant to rule III of the court, we dismissed the appeal in the above-entitled matter, on the ex parte motion of counsel for respondents.

The motion to dismiss was upon the ground that the record on appeal was not filed within thirty days after the appeal had been perfected and the bill of exceptions had been filed, as required by rule II of this court.

The motion recites that the appeal was perfected by serving and filing of a notice of appeal on August 26, 1934, and by filing the undertaking on appeal on August 29, 1934; that the bill of exceptions was settled on October 9, 1934, by serving and filing the transcript of the proceedings, properly certified to by the official court reporter. A certificate of the clerk of the trial court, as provided in rule III, was presented in support of the motion to dismiss.

The appellant has moved to restore the appeal, as provided by section 2 of rule II.

Chapter 97, sec. 1, Stats. 1923, p. 163 (section 9398 N. C. L.), provides, inter alia: "A transcript of the proceedings certified by the court reporter to be a full, true, and correct transcript thereof may be filed in lieu of such bill of exceptions and when so filed shall be and constitute the bill of exceptions without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

Counsel for respondent was at the time the motion

to dismiss was made, and now is, of the opinion that nothing more was incorporated in the proposed bill of exceptions than the transcript of the testimony, certified to by the reporter. It was upon this theory he urged the dismissal of the ex parte hearing.

The record on appeal consists of two volumes. Volume No. 2 contains a transcript of the testimony, certified to by the court reporter. On page 178 is the certificate of the court reporter, the last folio on that page being 534. In the said volume 2 of the record are additional pages, containing pages 179, 180, 181, 182, and 183; the last folio being No. 546. This volume was filed in the office of the clerk of the trial court October 9, 1934.

The pages following the certificate of the official court reporter contain notice of intention to move for a new trial, the order denying the motion for a new trial, and the certificate of the trial judge, of date November 7, 1934, settling the bill of exceptions. The record on appeal was filed in this court within thirty days from the settling of the bill of exceptions by the trial judge.

On motion to restore the appeal, counsel for appellant presented an affidavit to the effect that the said volume 2 contained the documents just mentioned, in addition to the transcript of the testimony.

No counter affidavit is filed, though counsel for respondent states that it is his impression that the documents referred to, in addition to the transcript of the testimony, were not incorporated in the proposed bill of exceptions, but that "in the absence of a definite recollection of what the bill of exceptions contained when originally served," he prefers to accept the affidavit of counsel for appellant, and assume that he was misled by the form of the bill of exceptions.

██ The portion of chapter 97, Stats. 1923, above quoted, did nothing more than to give permission to file a transcript of the testimony in lieu of a bill of exceptions. It did not contemplate that such a transcript might not be used with other documents or matter to make up a bill of exceptions to be settled by the

trial judge. When this court, in the year 1926, in the case of Water Co. v. Tonopah Belmont Dev. Co., 49 Nev. 172, 241 P. 1079, held that section 5336 Rev. Laws 1912 (which, by some misfortune, was carried into N. C. L. 1929 as section 8903), had been repealed, it became necessary that all matters not embraced in the judgment roll, which were sought to be reviewed, be embraced in a bill of exceptions, with certain exceptions, as we have repeatedly pointed out. Brearley v. Arobio et al., 54 Nev. 382, 12 P.(2d) 339, 19 P.(2d) 432.

■ In the instant matter it clearly appears that it was not the intention of counsel for appellant that the transcript of the testimony should constitute the bill of exceptions, but that the other matter thereto attached should become a part of the bill of exceptions.

■ It appearing that the transcript on appeal was filed within thirty days from the settlement of the bill of exceptions by the trial judge, it is clear that the appeal should not have been dismissed.

■ Counsel for respondents contend, however, that it does not appear from the bill of exceptions that it was settled within the time contemplated by law. Conceding this to be true, appellant is entitled to have the court consider the matter on the judgment roll alone; furthermore, in view of the spirit manifested by section 9404 N. C. L., and our ruling in Brockman v. Ullom, 52 Nev. 267, 286 P. 417, it may be that the bill of exceptions can be amended.

For the reasons given, it is ordered that the order heretofore entered herein dismissing the appeal in this case be vacated, and that the appeal be restored.