HAROLD S. ANDERSON, ALSO KNOWN AS AND CALLED HAROLD ANDERSON, APPELLANT, *v.* FRED SNELL, RESPONDENT.

No. 3139

July 2, 1936.                            58 P.(2d) 1041.

*Ham & Taylor*, for Respondent:

*Henderson & Marshall,* for Appellant:

## OPINION

By the Court, DUCKER, C. J.:

This is a motion to strike from the record on appeal a document styled "Transcript in Lieu of Bill of Exceptions." This document consists of the judgment roll, a number of other papers, and what purports to be a transcript of the proceedings of the trial. The latter is certified by the court reporter.

Concisely stated, the grounds of the motion to strike are: (1) That no bill of exceptions has been taken in the trial court as required by law, and (2) that no bond or undertaking upon appeal has been served and filed or deposit made of costs as required by law.

Respondent contends that the transcript of proceedings cannot be held to be a bill of exceptions because it was not settled as such by the judge or court or by stipulation of the parties as required by section 31 of chapter 90, "An act to provide for and to regulate proceedings on motions for new trials and on appeal in civil cases, and repealing all acts and parts of acts in conflict therewith," approved March 27, 1935. See Stats. 1935, p. 195. Such a settlement is unnecessary when a transcript of the proceedings is used as the bill of exceptions. This is shown by the part of subdivision (1) of said section, which reads: "(1) A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; *provided, however*, that on motion duly noticed, the court may at

any time correct any error in such transcript by appropriate amendment thereto."

The foregoing language is clear in meaning and not susceptible of the construction contended for by respondent. In support of his contention he stresses the latter part of the subdivision, which reads: "The transcript of the proceedings, certified by the court reporter, as herein provided, together with all other matters, exhibits, motions, papers or orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or special proceeding."

Respondent argues that this language signifies that the transcript of the proceedings, as well as the other matters mentioned, must be settled and allowed by the court or by stipulation of the parties before they can become a part of the record as a bill of exceptions. We do not so interpret the language. It means only that such other matters not properly a part of the judgment roll must be settled and allowed. We pointed out in Picetti v. Orcio, 56 Nev. 1, 41 P. (2d) 289, where chapter 97, Stats. of 1923, containing language substantially the same as to making a transcript of the proceedings certified by the court reporter, the bill of exceptions, was under consideration, that it was not contemplated that such a transcript might not be used with other documents or matters to make up a bill of exceptions to be settled by the trial judge. We say the same as to the statute before us.

■ The transcript was served and filed in apt time. But respondent further contends that it does not constitute a bill of exceptions for the reason that the certification does not show that the reporter was appointed by the court, or under authority of law or by stipulation of counsel, and there is no proof to that effect. The certificate reads:

"I hereby certify that I was the duly appointed, qualified and acting court reporter on the 15th and 16th days of April, 1935, and the foregoing is a full, true and correct transcript of my shorthand notes taken in the foregoing entitled action on said dates."

"[Signed]   Margaret Cobbruire, Court Reporter."

We think the certificate is sufficient prima facie, at least, to show that the person making it was the court reporter regularly appointed in the case.   What other proof was necessary counsel does not undertake to point out, and we find none expressed or indicated in the statute.

■ In support of the motion to strike on account of failure to file an undertaking or deposit of cash, it is contended that it was necessary under section 24 of said act, in lieu of an undertaking, for the appellant to have deposited in the court below the amount of the judgment and $300 to perfect the appeal.   It is sufficient to say that the question is not controlled by that section, but by section 16 of said act, which, in part, provides: "To render an appeal effectual for any purpose, in any case, a written undertaking shall be executed on the part of the appellant by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars;  or that sum shall be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal," etc.

It appears from the record before us that the sum of $300 was deposited by appellant with the clerk of the lower court.

While we have deemed it advisable to determine the last question, we must not be understood as deciding that the failure to duly file an undertaking on appeal, or make a deposit in lieu thereof, is ground for striking a bill of exceptions.

The motion to strike should be denied.

It is so ordered.

## ON THE MERITS

December 3, 1936.                    62 P.(2d) 703.

*Henderson & Marshall,* for Appellant:

*Ham & Taylor,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This is an action to recover damages for malicious prosecution and for an assault and battery.

The complaint alleges, in substance, as the first cause of action that on the 14th day of August 1933, at the city of Las Vegas, Clark County, Nevada, the defendant made an affidavit to the effect that the plaintiff had embezzled from him and converted to his own use the sum of $146.96, with the intention then and there to defraud defendant of said sum; that thereafter the defendant caused said affidavit to be filed with the justice of the peace of Las Vegas township, and filed therewith a complaint against plaintiff; that the allegations in the complaint and affidavit are untrue, and the defendant knew at the time the same were untrue; that they were maliciously and wantonly made for the purpose of procuring an order for the arrest of plaintiff; that in making the affidavit the defendant acted without probable or any cause of justification; and that, pursuant to the complaint, affidavit, and demand made in that behalf, said justice of the peace made an order for the arrest, upon which plaintiff was arrested and imprisoned and thereafter was required to give bail to obtain his release. Thereafter the said action was dismissed and plaintiff fully acquitted of said crime; that since that time defendant herein has not further prosecuted said complaint, but has abandoned the same; that by reason of such false accusations, arrest, and imprisonment the plaintiff was injured in character, his person, and greatly humiliated thereby; and that his good name and reputation have been injured, and as a result thereof he has suffered great mental anguish, grief, worry, and humiliation to his actual damage in the sum of $20,000.

The complaint in the justice's court, a copy of which is made a part of the complaint in this action, charges plaintiff with having embezzled the sum of $146.96, and prays for the recovery thereof. The said affidavit, a

copy of which is also made a part of the complaint herein, likewise charges the plaintiff herein with such embezzlement.

As a second cause of action the complaint herein alleges in substance that, on the 1st day of July 1933, at Boulder City, in said Clark County, the defendant herein, in the presence of many people, caused certain of his employees to hold the hands and arms of the plaintiff herein, and restrain him; that while being so held and restrained the defendant maliciously, violently, wantonly, and without cause climbed upon the plaintiff's back and kicked him in and upon and about his back, struck him with his fists about the head, face, eyes, and neck, tore plaintiff's clothing from his person, pulled his hair, scratched his face, swore at plaintiff, called him vile and indecent names, and otherwise abused plaintiff; and that as a result thereof the plaintiff became ill, bruised, and sore about the head, face, eyes, and body, and suffered great physical pain therefrom and suffered great humiliation, to his damage in the sum of $10,000. Exemplary damages are claimed on both causes of action.

The defendant herein answered the complaint, in which answer the making of the affidavit and the filing of the complaint in the justice's court, the arrest of plaintiff, and the dismissal of the action are admitted. The other allegations of the first cause of action, the assault and battery, misconduct and effect thereof alleged in the second cause of action, are denied. A cross-complaint filed with the answer was struck out by order of the court. The jury returned a verdict in favor of the plaintiff, fixing the amount as $3,600, for actual damages, and $5,000 exemplary damages on the first cause of action, and $100 for actual damages and $500 exemplary damages on the second cause of action. Defendant made a motion to vacate and set aside the verdict of the jury and to grant a new trial. In its decision on the motion the court ordered that, if plaintiff

shall remit the amount of $6,100 on or before October 15, 1935, a new trial is denied, and the verdict of the jury for the residue, to wit, $3,100, shall stand as the verdict on which a judgment is to be entered herein. And ordered further that, in the event plaintiff did not so remit, then the verdict of the jury on the first cause of action is set aside and defendant granted a new trial on the issue raised by the allegations contained in the first cause of action and the answer thereto.

The motion to set aside the verdict upon the second cause of action and grant a new trial was denied.

Within the time designated by the court plaintiff filed a relinquishment of $6,100 of the verdict.

Appellant makes the following assignment of errors: (1) Insufficiency of the evidence to justify a verdict, and that it is against law; (2) errors in law accruing in the trial and excepted to by defendant; (3) excessive damages appearing to have been given under the influence of passion and prejudice; (4) irregularity in the proceedings of the court by which defendant was prevented from having a fair trial.

■■ Most of the contentions made under these assignments were considered by the trial court in passing on the motion for a new trial, as we perceive from the written opinion appearing in the record, and determined correctly. We find evidence in the record sufficient to justify a verdict for the respondent on both causes of action. We need not state it in detail. Generally, it consisted of the testimony of respondent and his wife. In addition, as to the first cause of action, the affidavit, complaint, and order of arrest of respondent in the justice's court were introduced in evidence. His arrest, imprisonment, and the dismissal of the action were also proved. The court correctly instructed the jury as to the essential elements of a cause of action for malicious prosecution. Respondent's evidence, tended in a substantial way to prove all of these elements. Appellant relies on the advice of counsel as a defense to the cause of action for

malicious prosecution. In support of this defense, he testified as to what facts he laid before his private counsel in regard to the action in the justice's court, and that he acted on his advice in signing the affidavit and complaint. One of his counsel testified as to what facts appellant disclosed to him and that he advised appellant to consult the district attorney, for he believed embezzlement had been committed; that appellant said that he did not want to do that because he did not want to put respondent in jail, but all he wanted was his money; and that witness then told him, if he did not wish to institute a criminal action, a civil action might obtain his money for him. Advice of counsel after a full disclosure of all the facts, acted upon in good faith, would have been a defense to the first cause of action. Ricord v. Central Pac. R. R. Co., 15 Nev. 167; McNamee v. Nesbitt, 24 Nev. 400, 56 P. 37; Dunlap v. New Zealand F. & M. Ins. Co., 109 Cal. 365, 42 P. 29; 38 C. J. 508. But there is evidence on the part of respondent as to what the facts were out of which the controversy grew. This evidence, if believed by the jury, warranted it in concluding that appellant's recital of the case to his counsel did not include all of the material facts, and from which it could also have reasonably concluded that he did not in good faith act upon his counsels' advice. It was the province of the jury to determine what the real facts were as to this defense. This being so, we may not disturb its verdict on this account. McNamee v. Nesbitt, supra.

■ Under the second assignment it is contended that the court erred in sustaining the objection to the following question asked of respondent on cross-examination: "Q. Isn't it a fact that Margaret S. Thatcher filed a suit in the Third Judicial District Court in and for Salt Lake County, State of Utah, on the 8th day of May, 1931, wherein she charged you with some $68,000 worth of conversion out of your father's estate?" We think the court exercised sound discretion in its ruling. Nothing

concerning any such matter was brought out on direct examination. The filing of such a suit, if proved, would have no tendency to contradict or discredit respondent's testimony. It is also insisted under this assignment that the court erred in sustaining an objection to an exemplified copy of a complaint filed in the Third judicial district court in and for Salt Lake County, State of Utah, by Margaret Thatcher, offered in evidence by appellant. It appears that Margaret Thatcher is sister of respondent. The document offered relates to the same matter concerning which it was sought to question respondent, as stated above. It was offered in evidence on the ground that it would affect his credibility. We do not think so. There was no error in the ruling.

In its opinion on the motion for a new trial the court held that the evidence did not justify the imposition of exemplary damages on the first cause of action, and that the sum of $2,500 would fully compensate the defendant for the injuries he received by reason of the matter therein alleged. The remission by the respondent of $6,100 under the order of court therefore removed any question of exemplary damages on the first cause of action.

■ We have reviewed the evidence tending to support this cause of action and are not prepared to say that the sum of $2,500 for compensatory damages is excessive. The substantial reduction of the amount fixed by the jury for compensatory damages on the first cause of action cured any mistake the jury might have made as to the amount he was entitled to recover.

■ The damages fixed by the jury on the second cause of action, both actual and exemplary, are not excessive. Respondent's version of the assault and battery alleged therein must have been believed by the jury. It shows an unprovoked attack and injury with attending circumstances of aggravation which justified the jury in imposing both kinds of damage in the amounts fixed.

Appellant's version of the affair was rejected by the jury, and it is not within our province to disturb their verdict.

The fourth assignment of error goes to the action of the trial court in striking the cross-complaint. The amount sought to be recovered in the cross-complaint was $146.96. The assignment is without merit. A cross-complaint can be maintained only when the defendant seeks affirmative relief against a party to an action, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates. Section 8608 N. C. L.

The cross-complaint struck out was for damages on account of respondent converting to his own use divers sums of money totalling $146.96 belonging to appellant, collected by respondent, and which he was authorized to collect during three years immediately prior to the filing of the cross-complaint. The facts alleged therein do not depend upon, nor do they bear the faintest relation to, respondent's second cause of action, to wit, assault and battery. As to their relation to the first cause of action set out in the complaint, it is clear that the two causes of action could not be sustained by the same evidence, and are therefore more logically the subject of independent actions. Whether respondent owed the money claimed in the cross-complaint was not an issue involved in the transaction set out in the first cause of action.

The facts of the cross-complaint may have furnished the motive for the acts charged against appellant in the first cause of action. But that alone is not sufficient to bring into operation the principle governing the maintaining of a cross-complaint; that is, that it is just and equitable that the matter alleged therein should be settled in the pending action.

The judgment and order denying the motion to set aside the verdict of the jury and grant a new trial should be affirmed.

It is so ordered.

ON PETITION FOR REHEARING

March 5, 1937.

*Per Curiam:*

Rehearing denied.