THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT, v. VICTOR A. PINSON, ET AL., APPELLANTS.

No. 3546

November 12, 1948.                    199 P.2d 631.

*Carville & Carville,* of Reno, for Appellants.

*Alan Bible,* Attorney General, and *Geo. P. Annand* and *Homer Mooney,* Deputy Attorneys General, for Respondents.

## OPINION

By the Court, HORSEY, J.:

In this case two motions are before this court, which were argued by respective counsel, and submitted, on the 8th day of September 1948. The respondent has moved to strike from the Transcript on Appeal, filed on the 6th day of July 1948, by the appellants, "so much thereof that purports to be the Judgment Roll in said case and so much thereof that purports to be a transcript of the testimony, minutes of the Court, opinion and decision, or which purports to be a Bill of Exceptions in said matter."

The appellants have moved to amend the certificate of J. W. Davey, county clerk and ex officio clerk of the Sixth judicial district court of the State of Nevada, in and for the county of Humboldt, certifying to twenty-two papers and documents included in the record on appeal, such proposed amendment being to insert, as line 10, in folio 3, on the second page of said certificate, the following: "23 Transcript of Evidence; and in line 14,

folio 3, after the figures "4459," and before the word "hereinbefore," the following: including a copy of proceedings and transcript of testimony taken at the trial of said cause."

The respondent's motion to strike, above mentioned has attached to it the certificate of the said J. W. Davey, clerk of said court, certifying, among other things, "that folios 123, 124 and 125 of the transcript of Record on Appeal, filed herein and certified, correctly records the minutes of this Court respecting the order denying a new trial in said actions; that no document purporting to be a Bill of Exceptions was filed in the District Court in this case; that the Court reporter certified the Transcript of Testimony on two separate trials and hearings in said matter but did not certify to anything else or to any minutes of Court, or opinion and decision to the Court, so far as is shown by the files and papers in said case in my office; that my files further show on file the following Notice of Order and proof of service thereof, to wit: * * *." There is inserted by the clerk at this point, in haec verba, a certified copy of the notice of order, the order referred to being the certain order made by the Sixth judicial district court of the State of Nevada, in and for the county of Humboldt, the Hon. Clark J. Guild, district judge presiding, on the 3d day of May 1948, denying defendants' (appellants') motion for a new trial, and a certified copy of the affidavit of mailing, on the 3d day of May 1948, of a certified copy of the said notice of the order denying the motion for a new trial, addressed to Messrs. Carville & Carville, attorneys at law, Reno, Nevada, attorneys for defendants, such affidavit containing the necessary facts to show due notice, to said attorneys for defendants, of the denial of such motion for a new trial, on said 3d of May 1948.

The grounds of respondent's said motion to strike are stated in the notice of motion as follows:

"1. That the papers purporting to constitute the Judgment Roll are not properly certified and the so-called Transcript of Testimony is not thereby incorporated in the record on appeal as a part of the Judgment Roll or at all.

"2. That the Transcript of Testimony certified by the court reporter is not a Bill of Exceptions nor a part of the record on appeal; that the same has not been settled by the Court or by any stipulation or certificate at all within 20 days after service of written notice of decision denying new trial or at all; that no extension of the statutory time to propose such Bill of Exceptions to the trial Court or to settle the same was made or entered within the said 20-day statutory period, or thereafter, or at all."

Referring to ground 1, it appears from the record that the clerk of the Sixth judicial district court, in certifying to the twenty-two papers and documents to which the certificate is attached, did not undertake to classify them as to whether or not they constituted the judgment roll, but certified to them merely as being full, true and correct copies of the respective originals of which they purported to be copies. In other words, he did not segregate the papers or documents constituting the judgment roll, and certify to those separately from the other papers, and attach his certificate that such papers or documents were full, true and correct copies of the originals, and, also, that such papers, naming them, constituted the judgment roll, but, instead, he certified, in substance, in his certificate attached to such twenty-two papers and documents, merely that they were full, true and correct copies of the original documents. In the latter instance, the language used by the clerk is as follows: "and I further certify that the hereinbefore mentioned Documents consist of 46 typewritten pages, are full, true and correct copies of the original documents on file and of record in my office in Suit No. 4459, hereinbefore referred to."

In determining whether this certification is sufficient, as to the judgment roll, the language of our statute, section 42 of the New Trials and Appeals Act of 1937, same being section 9385.92 of N.C.L.1931–1941 Supp., vol. 2, is significant. Such section is as follows:

"§ 9385.92. WHEN JUDGMENT ROLL PART OF BILL OF EXCEPTIONS. § 42. Whenever the judgment roll, or the papers making up the judgment roll, shall be incorporated in a bill of exceptions, it shall not be necessary to take to the supreme court any separate copy of the judgment roll, but in all such cases the judgment roll, *or the papers making up the judgment roll,* shall be certified by the clerk of the court in which the action or proceeding is pending, or by the parties or their attorneys." (Emphasis added.)

■■ There is no reason why more should be required as to certification in a case in which the judgment roll is not made part of the bill of exceptions but is incorporated in the record or transcript upon appeal, as in the instant case. What is desired is sufficient assurance of the authenticity of the documents, and nothing would be added in that respect by requiring the clerk, or the parties or their attorneys, in certifying, to state a conclusion of law, namely, that the papers or documents certified to constitute the judgment roll. Even if such certifying party, or parties, did so certify, their conclusion would not be binding upon the court, but if any issue were properly presented involving the question of what papers or documents did or did not constitute the judgment roll, or whether or not a particular document or paper was properly included therein, it would be, clearly, the province and the duty of the court having jurisdiction of the action or proceeding in which the question arose, to determine same, in accordance with the statute, section 331 of the Nevada Civil Practice Act, same being N.C.L.1929, vol. 4, section 8829, which specifies precisely what papers constitute the judgment

roll. So we think the papers purporting to constitute the judgment roll were sufficiently certified.

The next question posed, as part of ground 1 of respondent's motion to strike, is that "the so-called Transcript of Testimony is not *thereby* incorporated in the record on appeal, as a part of the Judgment Roll * * *." (Emphasis added.) This refers, doubtless, to the "Transcript of Testimony and Proceedings," certified by Gloria Germain, the court reporter of the Sixth judicial district court, and incorporated in the "Transcript on Appeal." It is true that such transcript, certified by the court reporter is not, by the above-mentioned certificate of J. W. Davey, clerk of the Sixth judicial district court, included with, or as one of, the documents or papers certified by him, as part of the judgment roll or otherwise, and appellants' pending motion (perhaps suggested by the ground of respondent's motion being presently considered) is to include such transcript within said certificate.

■ Our statute, section 31 of the New Trials and Appeals Act of 1937, being N.C.L.Supp. 1931–1941, vol. 2, section 9385.81, in subdivision 1, provides:

"A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto."

And said section 331 of the Civil Practice Act, being N.C.L.1929, vol. 4, section 8829, providing what papers shall constitute the judgment roll, includes "all bills of exceptions taken and filed." But in the case of Smith v. Lucas, 43 Nev. 348, 186 P. 674, in the opinion by Mr.

Justice DUCKER, it is clearly held that a bill of exceptions, filed after the entry of judgment, though properly a part of the record on appeal, is no part of the judgment roll. This is necessarily so, for the reason that the statute, said section 331, provides that "Immediately after entering the judgment, the clerk must attach together and file the following papers, which constitute the judgment roll: * * *.

In the instant case, the judgment was filed and entered April 10, 1948, and the "Transcript of Testimony and Proceedings" was not completed until long thereafter, the court reporter's certificate thereto being dated May 29, 1948. So, the bill of exceptions, consisting of said court reporter's transcript above mentioned, could not have been properly certified by the clerk of the court, as constituting part of the judgment roll, and the failure on his part to so certify was not error, and same constitutes no ground upon which to strike such "Transcript of Testimony."

■ Is there any basis upon which to strike such "Transcript of Testimony" because not incorporated "at all" by the clerk's said certificate in the record on appeal? The language of ground 1 of respondent's motion to strike is, as above stated, "and the so-called Transcript of Testimony is not *thereby*" (meaning, by the clerk's certificate) "incorporated in the record on appeal as a part of the Judgment Roll or at all." (Emphasis added.)

It is our view that in order to entitle the said court reporter's transcript of the testimony and proceedings to incorporation in the record on appeal, it is not essential that same be certified by the clerk of the court, or by anyone other than the court reporter. Indeed, no other person could properly certify to the transcription of the court reporter as being a correct transcription of her shorthand notes. The statute hereinbefore quoted, N.C.L.Supp.1931–1941, vol. 2, sec. 9385.81, contemplates certification by the court reporter only, and

provides, in effect, that when so certified by the duly qualified court reporter, the transcript 'may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto.''

The legislature, in enacting said statute, obviously recognized certain very material differences between a court reporter's transcript as a bill of exceptions, and other kinds of bills of exceptions. The former represents an exact record of precisely what transpired at the trial or hearing. The latter, made up, in part, by counsel's reproduction of ''the substance of the proceedings relating to the point or points involved,'' and its accuracy and correctness being dependent upon counsel's ability to perceive and remember correctly what transpired, and his integrity in reproducing same, the legislature wisely has recognized what human experience has long shown to be necessary in order to assure the truthfulness and accuracy of the court's records, and has provided for settlement and allowance, by stipulation or by the court, as to such other kinds of bills of exceptions.

When the statute, by the provisions quoted above, has, for the obvious reasons hereinbefore mentioned, accorded such high standing to bills of exceptions certified by court reporters, as to dispense with the necessity of stipulation by opposing counsel, or of settlement by the court, the authenticity of the transcript certified by the duly qualified court reporter is sufficiently assured that no further certification, by the clerk or by anyone else, is required in order to entitle such transcript to become incorporated in the record on appeal. The conclusion follows that there is no merit to ground 1 of the

alleged grounds advanced by respondent in support of the motion to strike.

Referring to the second alleged ground for striking the transcript of testimony and proceedings, it is stated therein that the transcript certified by the court reporter is not a bill of exceptions nor a part of the record on appeal, and the only facts stated as a reason for that conclusion is, "that the same has not been *settled* by the court or by any stipulation or certificate at all within 20 days after service of written notice of decision denying new trial or at all." (Italics added.)

It is unnecessary to consider the element of time, or when appellant would become in default for exceeding the time limit for settlement, as it is conceded that no settlement of any bill of exceptions in the case has occurred at all, and it will not be disputed, we believe, that if settlement were legally required, the time therefor had expired before the 28th day of July 1948, the date of filing respondent's notice of motion to strike. We readily agree with respondent that if the said transcript of the proceedings, together with the accompanying papers and documents in the transcript on appeal, were made up into a bill of exceptions requiring settlement, that, in the absence of such settlement, such unsettled bill of exceptions would have no standing in the record. The vital question is, therefor; does the record disclose the existence of a bill of exceptions which required settlement?

A consideration of our statutes, in connection with some of the decisions of this court, may serve to disclose the evolution or development of our law as to bills of exceptions of the various kinds permissible, and of the rules of construction which have been established by some of our decisions.

Beginning with the supplementary and amendatory act of 1915, section 5 thereof provided, by suitable provisions containing proper safeguards, that the court

reporter's transcription of the proceedings in any action or special proceeding may, at the option of any party, be submitted to the court *for allowance and settlement,* as the *bill of exceptions* required under the provisions of the act. (Italics added.) By that act the court reporter's transcription was made a bill of exceptions conditionally, that is, upon allowance and settlement as such by the court or judge. Statutes 1915, p. 164.

The act of 1923, Statutes 1923, p. 163, in section 1, after providing for the serving, filing, certification and allowance and settlement of bills of exceptions, contained the following sentence:

"A transcript of the proceedings certified by the court reporter to be a full, true and correct transcript thereof may be filed in lieu of such bill of exceptions and *when so filed shall be and constitute* the bill of exceptions *without further stipulation or settlement by the court;* provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto." (Italics added.)

It is plain that the requirement of allowance and settlement, in the statute of 1915, was entirely omitted, as to the court reporter's transcript, from the foregoing provisions of the act of 1923; and that the effect was to dispense with such requirement.

In 1935 a New Trials and Appeals Act was enacted, Stats. 1935, p. 195, and sections 31 to 46, inclusive, thereof dealt with the subject of bills of exceptions. Section 31, subdivision (1) is, in effect, a reenactment of the 1923 provision permitting the court reporter's certified transcript to be filed, and providing that when so filed same "shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto." To this provision in the said act of 1935,

quoted in part above, was added a provision which was new, that is to say, same was not in the act of 1923 or in any former act. Such additional provision was as follows:

"The transcript of the proceedings, certified by the court reporter, as herein provided, together with all other matters, exhibits, motions, papers or orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or special proceeding."

By the New Trials and Appeals Act of 1937, the said acts of 1915, 1923 and 1935 were, in all essential particulars, repealed, but the provisions of subdivision (1) of section 31 of the act of 1935, above referred to and quoted in part, were reenacted verbatim and in full, with only one minor change. Such minor change was merely the omission in the 1937 act of the word "special" before the word "proceeding," in the last sentence of subdivision (1) of section 31 of the 1935 act. As re-enacted in the said New Trials and Appeals Act of 1937, such provisions therein, still being numbered subdivision (1) of section 31, and being section 9385.81, N.C.L.1931–1941 Supp., vol. 2, are as follows:

"A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time corect any error in such transcript by appropriate amendment thereto. The transcript of the proceedings, certified by the court reporter, as herein provided, together with all other matters, exhibits, motions, papers or

orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or proceeding."

Before the 1935 act was approved, March 27th of that year, and containing the last sentence of said subdivision (1) of section 31, above quoted, such sentence providing for a new kind of bills of exceptions, to consist of the court reporter's transcript, together with all other matters, exhibits, motions, papers or orders required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, and requiring settlement and allowance, Mr. Justice COLEMAN, in his opinion filed March 1, 1935, in the case of Picetti v. Orcio et al., 56 Nev. 1–5, 41 P.2d 289, had approved the theory or conception of counsel for the appellant in that case, and their action based upon that theory. Such theory was to the effect that when the counsel for appellant so desired and intended, they could, but need not, adopt the reporter's transcript of the testimony as constituting the bill of exceptions, but same, together with other matters thereto attached, if they so intended, might become the bill of exceptions. In other words, that the appellant, desiring to avail himself of alleged errors not appearing in the reporter's transcript, might include in a bill of exceptions the necessary papers, etc., to disclose the additional errors, also the court reporter's transcript. Obviously, such a bill, containing additional papers, exhibits, etc., which were not part of the court reporter's transcript (which latter was free from the requirement of settlement), required settlement the same as all other bills of exceptions, except the reporter's transcript, required.

In the Picetti case the record on appeal consisted of two volumes. Volume 2 contained a transcript of the testimony, and on pages which followed the certificate

of the official court reporter to the transcript was contained a notice of intention to move for a new trial, the order denying the motion for a new trial, and the certificate of the trial judge, of date November 7, 1934, settling the bill of exceptions. The appeal had previously been dismissed, because filed more than thirty days after the date of the filing of the reporter's transcript, October 9, 1934; but this court, upon becoming apprised of the facts as to the necessity of a more comprehensive bill. of exceptions, requiring settlement, and that the certificate of the trial judge settling the bill of exceptions was dated November 7, 1934, determined that the time for filing the record on appeal should be computed from the latter date, and that, hence, the filing was made in time and that the appeal should be reinstated.

The reasoning of the opinion in said case clearly exemplifies the principle adhered to in other cases decided by this court, and which will be mentioned hereinafter, to the effect that the choice as to the kind of bill of exceptions an appellant shall adopt is entirely a matter of appellant's own selection and intention, to be determined from his act, or failure to act, in a certain direction. Mr. Justice COLEMAN'S expressions are enlightening. The following is quoted from pages 4 and 5 of the opinion as reported in 56 Nev. and from page 290 of 41 P.2d:

"The portion of chapter 97, Stats. 1923, above quoted, did nothing more than to give permission to file a transcript of the testimony in lieu of a bill of exceptions. It did not contemplate that such a transcript might not be used with other documents or matters to make up a bill of exceptions to be settled by the trial judge. * * *

"In the instant matter *it clearly appears that it was not the intention of counsel for appellant that the transcript of the testimony should constitute the bill of*

*exceptions, but that the other matter thereto attached should become a part of the bill of exceptions.*

"It appearing that the transcript on appeal was filed within thirty days from the settlement of the bill of exceptions by the trial judge, it is clear that the appeal should not have been dismissed."

In the Picetti case, supra, the intention to make up a new or "composite" bill of exceptions, requiring settlement, was clearly indicated by the affirmative act of appellant in resorting to the necessary proceeding to have settlement made. It may be wondered how much this conception or theory, so clearly expressed by Mr. Justice COLEMAN, leading to a new kind of a bill of exceptions, that is, a sort of composite bill consisting of the court reporter's transcript, not requiring settlement, and other "matters, exhibits, motions, papers or orders," which did require settlement, may have contributed to or influenced the inclusion of the last sentence (above referred to) in subdivision (1) of section 31 of the Statutes of 1935, enacted March 27, 1935, less than a month after Mr. Justice COLEMAN'S said opinion in the Picetti case was filed, on March 1, 1935.

At a time when the statute of 1923 was still in effect, and before the act of 1935 with its provisions for what I have been pleased to call "composite" bills of exceptions, Mr. Chief Justice DUCKER, in his opinion in the case of State ex rel. Gray v. District Court, 51 Nev. 412, 278 P. 363, in clear, forceful language, emphasized the truly optional character of the right or privilege conferred upon an appellant in a choice of one of the alternative methods of shaping his appeal. We believe the same, or similar, freedom of choice applies now, and has applied since 1935, in relation to choosing the method of perfecting an appeal—whether to choose the method of an enlarged or "composite" bill of exceptions, or the method of relying solely upon the court reporter's certified transcript of the proceedings, as the bill of exceptions. Mr. Chief Justice DUCKER, on page 416 of 51 Nev., page 364 of 278 P., stated:

"Section 1 clearly gives a party the option to file a bill of exceptions which shall contain the substance of the proceedings relating to the point or points involved, or a transcript of the proceedings certified by the court reporter as required by the section, which shall constitute the bill of exceptions.

"The trial court cannot dictate to a party which one of these two methods he must adopt. The privilege given to a party to adopt either is very plainly expressed."

And on page 419 of 51 Nev., page 365 of 278 P., the learned and able jurist stated:

"Section 1 of the act of 1923 provides that it shall be the duty of the trial judge or court to settle a bill of exceptions filed within the time prescribed, whenever the method of embodying in such a bill the substance of the proceedings relating to the point or points involved is adopted. It is otherwise, when the method of the court reporter's transcript is chosen, unless on motion duly noticed, as provided in the section. If no motion for correction is made, the transcript certified by the court reporter and filed in due time becomes the bill of exceptions by operation of the law without settlement by the court or stipulation of the parties."

In this connection, we will cite a much later Nevada case, decided by this court in August 1940, more than three years after our statute, section 31 of our New Trials and Appeals Act of 1937, N.C.L. Supp.1931–1941, vol. 2, section 9385.81, became effective, and when the law was precisely the same as it was when the instant motion to strike was filed, and is today. That case is Cunningham v. Cunningham, 60 Nev. 191, 194, 102 P.2d 94, 105 P.2d 398, and the opinion was by Mr. Justice DUCKER. We quote, from a portion of the opinion, on page 200 of 60 Nev., pages 401, 402 of 105 P.2d, the following:

"She requests the sum of $150 to be used as payment for the transcript of the evidence and proceedings had upon the trial. In support of the necessity for this item

of expense appellant attached to her affidavit a letter from the stenographer who took down such evidence and proceedings in shorthand at the trial, in which letter it was estimated that an original copy of a transcript would cost between $90 and $100, and 2 carbon copies would run about $90 to $100. Respondent objects to the payment of this item. He claims it is unnecessary in that appellant could adopt the method of preparing a bill of exceptions containing the substance of the proceedings relating to the points involved, and thus eliminate the expense of a transcript. He further suggests that he would be willing to agree to an agreed statement of facts. Neither proposal can deprive appellant of her right of selecting the method of a certified transcript of the proceedings as her bill of exceptions as provided in Chap. 32, sec. 31, Stats of 1937, at page 63. An appellant's right to select either method was decided in State ex rel. Gray v. Second Judicial District Court, 51 Nev. 412, 278 P. 363, and in State ex rel. Capurro v. District Court, 54 Nev. 371, 17 P.2d 695."

The decision in Anderson v. Snell, upon "Motion to Strike Document Styled 'Transcript in lieu of Bill of Exceptions,'" and reported in 57 Nev. 78, 58 P.2d 1041, 62 P.2d 703, we believe is directly in point to the motion now before us, and we feel bound to follow it. Again, the opinion was by our beloved former associate, the learned Mr. Chief Justice DUCKER. In that case, the document sought to be stricken was styled "Transcript in Lieu of Bill of Exceptions." This title would have been more appropriate to the reporter's transcript of the proceeding at the trial than of the entire document, but it appears doubtless that the appellant in that case did not desire to make up a bill of exceptions requiring settlement, and, therefore, did not give the document a title embracive in meaning of all the matters and papers the document contained, and which would have indicated settlement. The document in question in Anderson v. Snell, supra, consisted of "the judgment

roll, a number of other papers, and what purports to be a transcript of the proceedings of the trial. The latter is certified by the court reporter." (The quotation is from said opinion.) In that case, the motion to strike was directed to the entire document, whilst in the instant case, likewise, the transcript on appeal consists of the judgment roll, a number of other papers, and what purports to be a transcript of the proceedings at the trial, and respondent's motion to strike is directed, in piecemeal, to different portions of the "Transcript on Appeal," and not in toto to the entire transcript. In both cases it was contended that the effect of the last sentence of subdivision (1) of section 31 of the New Trials and Appeals Act of 1937, hereinbefore repeatedly referred to, was to require the court reporter's transcript to be settled and allowed by the court, notwithstanding the fact that in neither of the cases did the appellant designate the transcript or record on appeal, or any portion thereof, as a bill of exceptions, nor do any other act which would indicate any desire or intention to make up an enlarged or "composite" transcript including the court reporter's transcript together with the other papers, matters, exhibits, etc., such as is contemplated by the provisions of said last sentence. The said sentence contains the phrase, "when so incorporated in the bill of exceptions, as herein provided," and no action whatever by the appellant in either the instant case or in Anderson v. Snell, supra, indicated any intention to incorporate either the court reporter's transcript or such other "matters, exhibits, motions, papers or orders" in any "over-all" bill of exceptions.

The portion of Mr. Chief Justice DUCKER'S opinion in Anderson v. Snell, supra, which is important to the point in the instant case now being considered, is on pages 80, 81 of 57 Nev., pages 1041, 1042 of 58 P.2d, and is as follows:

"Concisely stated, the grounds of the motion to strike are: (1) That no bill of exceptions has been taken in

the trial court as required by law, and (2) that no bond or undertaking upon appeal has been served and filed or deposit made of costs as required by law.

"Respondent contends that the transcript of proceedings cannot be held to be a bill of exceptions because it was not settled as such by the judge or court or by stipulation of the parties as required by section 31 of chapter 90, 'An Act to provide for and to regulate proceedings on motions for new trials and on appeal in civil cases, and repealing all acts and parts of acts in conflict therewith,' approved March 27, 1935. See Stats. 1935, p. 195. Such a settlement is unnecessary when a transcript of the proceedings is used as the bill of exceptions. This is shown by the part of subdivision (1) of said section, which reads: '(1) A transcript of the proceedings, certified by the court reporter, appointed by the court, under authority of law, or by agreement of the parties, to be a full, true and correct transcript thereof, may be served and filed, and when so filed shall be and constitute the bill of exceptions of the proceedings relating to the point or points involved, as therein set forth, without further stipulation or settlement by the court; provided, however, that on motion duly noticed, the court may at any time correct any error in such transcript by appropriate amendment thereto.'

"The foregoing language is clear in meaning and not susceptible of the construction contended for by respondent. In support of his contention he stresses the latter part of the subdivision, which reads: 'The transcript of the proceedings, certified by the court reporter, as herein provided together with all other matters, exhibits, motions, papers or orders, required to be incorporated in a bill of exceptions, when so incorporated in the bill of exceptions, as herein provided, and when such bill of exceptions has been so settled and allowed, as herein provided, it shall become a part of the record in such action or special proceeding.'

"Respondent argues that this language signifies that

the transcript of the proceedings, as well as the other matters mentioned, must be settled and allowed by the court or by stipulation of the parties before they can become a part of the record as a bill of exceptions. We do not so interpret the language. It means only that such other matters not properly a part of the judgment roll must be settled and allowed. We pointed out in Picetti v. Orcio, 56 Nev. 1, 41 P.2d 289, where chapter 97, Stats. of 1923, containing language substantially the same as to making a transcript of the proceedings certified by the court reporter, the bill of exceptions was under consideration, that it was not contemplated that such a transcript might not be used with other documents or matters to make up a bill of exceptions to be settled by the trial judge. We say the same as to the statute before us."

■ It is apparent, from his reference thereto, that the learned chief justice was fully mindful of the doctrine of Picetti v. Orcio, supra, but he very clearly considered same inapplicable to a situation in which the appellant had indicated no desire or intention, nor performed any act whatever, to make up such a bill of exceptions, as was contemplated by the sentence in question. The very fact that appellant had not done so in Anderson v. Snell, supra, and appellants have not done so in the instant case, substantially differentiates the situation in those cases from that in Picetti v. Orcio, supra, and makes clear that the respective appellants, in the exercise of their fundamental right to choose the method of perfecting their appeals, chose the method of relying upon the court reporter's certified transcript as their sole bills of exceptions, and were willing to take the risk of the papers, exhibits, motions, etc., which were included in the record but were not part of the judgment roll and had not been made part of any bill of exceptions, being subject to be stricken upon proper motion. In view of Anderson v. Snell, supra, which, we believe, correctly interprets and applies the law, we

feel impelled to deny respondent's motion to strike, insofar as same relates to the "Transcript of the Testimony" (so designated by respondent), or the "Transcript of Testimony and Proceedings."

In McGill v. Lewis, decided in 1941 and reported in 61 Nev. 28, 111 P.2d 537, 539, 116 P.2d 581, 118 P.2d 702, the appellants relied upon the transcript of proceedings, certified by the court reporter, as the sole bill of exceptions, even though there were numerous other matters, exhibits, papers, motions, etc., in the record on appeal. Mr. Justice ORR, in his opinion, referred to the "transcript of proceedings intended as a bill of exceptions." No motion to strike was made on the ground that same required settlement. It was properly stricken upon other grounds, expressly alleged. There were numerous documents in the record in that case, as in the instant case, subject to be stricken because they were no part of the judgment roll nor of the bill of exceptions, and, certain motions to strike having been directed specifically to such papers, etc., they were ordered stricken. It is our view, and it appears very clearly, that we have no right to pass upon or determine any ground for striking the record, or any portion thereof, which has not been specifically alleged as such a ground, in the notice of motion to strike, or disclosed or stated in the accompanying papers, even though some such ground may have been suggested upon the oral arguments in the case. The parties, in oral arguments, are confined to issues or matters properly before the court, and we can consider nothing else, and, certainly, cannot give heed to any ground not based upon facts appearing in the record on appeal or disclosed in the motion papers. 37 Am.Jur., p. 505. We cannot resort to inference, nor reach out to try to find or discover facts not alleged, stated or disclosed in the motion papers. Especially is this true when the result of striking the transcript, containing the evidence and other important parts of the record, would tend materially to deprive the appellants

of trial upon the merits. In Orleans Hornsilver Min. Co. v. Le Champ D'Or French Gold Min. Co., 52 Nev. 85, 280 P. 887, it is stated, on page 91 of 52 Nev. and on page 889 of 280 P.:

"It. is the policy of the law that cases should be disposed of in this court on their merits, where possible, as is manifest from a consideration of section 5358, Rev. Laws, and of section 2, c. 97, Stats. 1923."

We adhere, most earnestly, to that policy.

Included in respondent's motion to strike is what respondent has been pleased to describe as purporting "to be a bill of exceptions." We can readily understand respondent's theory, as conceiving a constructive bill of exceptions which would include all of the record on appeal, except, possibly, the judgment roll. But, following the reasoning of Anderson v. Snell, supra, we have rejected that theory. Accordingly, we are at liberty to recognize only one bill of exceptions as existent in the instant case, namely, the Transcript of the Testimony and Proceedings, certified by the court reporter. As to that bill of exceptions, styled by respondent "Transcript of Testimony," we have hereinbefore denied the motion to strike.

■ The respondent has, separately and specifically, moved to strike the "minutes of the court" and the "opinion and decision," and the motion directed to those documents must be granted, for the reason that neither of them are a part of the judgment roll nor of the transcript of the proceedings, constituting the only bill of exceptions in the record. It has many times been held by this court, and is the settled law, that any papers, exhibits or documents, etc., not properly a part of the judgment roll nor of any valid bill of exceptions in the record on appeal, must be stricken. Werner v. Babcock, 34 Nev. 42, 116 P. 357; Johns-Manville, Inc., v. Lander County, 48 Nev. 253, 240 P. 925; Markwell v. Gray, 50 Nev. 427, 265 P. 705; Peri v. Jeffers, 53 Nev. 49, 292 P. 1, 293 P. 25, 298 P. 658; Brearley v. Arobio, 54 Nev.

382, 12 P.2d 339, 19 P.2d 432, McGill v. Lewis, supra; Craig v. Harrah, 65 Nev. 294, 195 P.2d 688.

Appellant's motion to insert in the certificate of the clerk of the Sixth judicial district court, in and for the county of Humboldt, certifying to the papers and documents in the record other than the Transcript of the Testimony and Proceedings certified by the court reporter, words descriptive of such Transcript of the Testimony and Proceedings, is denied, for the reason that same is not properly a part of the judgment roll, as has been hereinbefore indicated, and further certification as to its correctness is unnecessary, the certification of the court reporter being sufficient for that purpose.

To recapitulate: this court has decided and ordered, and does hereby decide and order, as follows: that respondent's motion to strike, insofar as same is directed to the judgment roll, the "Transcript of Testimony" (referring to the "Transcript of Testimony and Proceedings" certified by the court reporter) and the so-called "Bill of Exceptions," be, and is hereby, denied; that respondent's motion to strike the "minutes of the court" and the "opinion and decision" be, and is hereby, granted; and that the appellants' motion to amend the certificate of the clerk of said district court, in effect to include therein the "Transcript of Testimony and Proceedings" certified by the court reporter, be, and is hereby, denied.

EATHER, C. J., and BADT, J., concur.