EDWARD GENUS, Plaintiff-Appellant, v. PRIDE CONTAINER CORPORA-
TION, Defendant-Appellee (S & S Corrugated Paper Machine Company, Inc.,
Defendants).

First District (3rd Division)   No. 84—2688

Opinion filed March 19, 1986.

Brian F. Collins, of Foss, Schuman, Drake & Barnard, of Chicago, for
appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (Robert S. Soder-
strom and Shaun McParland, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:
Plaintiff Edward Genus alleged in his complaint that on June 26,
1979, he sustained injuries caused by a corrugated box machine that

he operated at his place of employment, the Chicago Corrugated Box Company. He filed suit against S & S Corrugated Paper Machine, the manufacturer of the machine, and against the alleged prior owners of the machine, Box-Print Machinery Company, Green Bay Packaging, Inc. (Green Bay), and Pride Container Corporation (Pride). The complaint contained two counts, one based on strict products liability and the second based on negligence. The trial court dismissed the strict liability count with respect to all defendants. Pride moved for summary judgment on the negligence count and the trial court granted the motion. Plaintiff appeals from only the order granting Pride's motion for summary judgment on the negligence count.

In the negligence count of the complaint, plaintiff alleged that Pride:

> "Carelessly and negligently failed to design and equip said machine with proper and adequate safety devices * * *
> [and]
>   Carelessly and negligently modified said machine even though the Defendants knew or should have known that the modification thereof would have caused injury to the operators of the machine."

In its answer, Pride denied all material allegations of the complaint, but it raised no affirmative defenses. In his answers to interrogatories, plaintiff specified that the modification at issue was an opening for the hand cut in the side of the machine, for which no safety device was installed to assure that the machine could not operate when a person's hand was in the machine.

Pride's motion for summary judgment is based on two stated grounds: (1) the opening in question did not exist when Pride sold the machine, and (2) Pride did not sell the machine to plaintiff's employer. Pride supported its motion with affidavits in which two of Pride's employees stated that the machine did not have the opening at issue when Pride owned the machine, and one affiant stated that the opening did not exist when the machine left Pride's possession, upon sale to Green Bay. Pride also attached the trial court order granting its motion for summary judgment on the strict liability count. That motion was based on the fact that Pride was not in the business of selling the machine referred to in the complaint, and its sale to Green Bay was a one-time transaction.

Plaintiff filed a response to Pride's motion with Green Bay's sworn answers to interrogatories attached thereto. In these answers, Green Bay stated that the opening at issue existed when the machine came into Green Bay's possession. At the hearing on the motion,

Pride conceded that there was an issue of material fact regarding the existence of the opening when the machine left Pride's possession. Thus, defendant Pride relied solely on the lack of privity with the plaintiff to support its motion. Plaintiff conceded that his employer did not purchase the machine from Pride, but he argued that Pride was liable for its negligent modification of the machine even to parties who did not purchase the machine directly from Pride. The trial court rejected this argument and granted Pride's motion.

■ On appeal, plaintiff continues to maintain that lack of privity between him and Pride affords Pride no defense to a charge of negligence. We agree. As our supreme court stated: "Illinois *** has long since refused to permit the ancient shield of privity to insulate a tort feasor from the consequences of his negligent conduct." (*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 84, 199 N.E.2d 769.) Similarly, section 388 of the Second Restatement of Torts provides that:

> "One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel *** for physical harm caused by the use of the chattel *** if the supplier ***
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition ***." (Restatement (Second) of Torts sec. 388(c) (1965).)

If Pride negligently modified the machine, it is liable despite the fact that its sale of the machine to Green Bay was a one-time transaction. Restatement (Second) of Torts sec. 388, comments a and c (1965).

Now on appeal Pride argues that this court should affirm the trial court because the danger presented by the opening in the machine was open and obvious. (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465; Restatement (Second) of Torts sec. 388(b) (1965).) Plaintiff maintains that this argument presents an issue of fact which is not raised by any of the pleadings, affidavits, depositions, or admissions which are properly considered in support of the motion for summary judgment (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c)), and therefore this argument cannot be a basis for affirming the summary judgment. We agree.

"It is axiomatic that in motion practice as elsewhere a party must state the precise, particular grounds on which he bases his claim for relief." (*People v. Boyd* (1973), 49 Mich. App. 388, 402-03, 212 N.W.2d 333, 340.) Pride stated its basis for the motion in the following paragraphs:

> "9. That *** it is uncontroverted that PRIDE CONTAINER

CORPORATION did not sell the machine in question to the plaintiff's employer, the CHICAGO CORRUGATED BOX COMPANY, as indicated in the affidavit of John A. LaFayette, attached hereto as Exhibit D.

10. That therefore, PRIDE CONTAINER CORPORATION, had no duty to examine, test, and inspect said machine before its sale to the plaintiff's employer as a matter of law.

11. That therefore, as the third party defendant, CHICAGO CORRUGATED BOX COMPANY, was not a purchaser as to PRIDE CONTAINER CORPORATION, that PRIDE CONTAINER CORPORATION had no duty to warn CHICAGO CORRUGATED BOX COMPANY of any inherent danger in the parts of the machine and their use or maintenance thereof, as a matter of law. That therefore, PRIDE CONTAINER CORPORATION had no duty to give CHICAGO CORRUGATED BOX COMPANY or its employees, full, fair and adequate directions and instructions for the proper operation, use and maintenance of said machine, as a matter of law."

In these paragraphs, Pride clearly indicates one, and only one, basis for denying liability: "Pride did not sell the machine in question to plaintiff's employer." Pride does not refer to the openness or the obviousness of the danger anywhere, in its motion, in its answer to the complaint, or in its supporting affidavits. (See 87 Ill. 2d R. 191(a).) The complaint does not state that the danger was hidden, nor does it in any other way place obviousness of the danger in issue. On review of the pleadings, depositions, admissions and affidavits properly considered by the trial court, we find that Pride has nowhere raised the factual issue of whether the danger inherent in the opening was open and obvious.

Pride contends that the issue was properly raised in remarks its attorney made at the hearing on the motion for summary judgment. However, on a motion for summary judgment, neither the trial court nor this court may consider factual issues not raised in any of the papers supporting the motion. "[W]e have no right to pass upon to determine any ground *** which has not been specifically alleged as such a ground, in the notice of motion ***, or disclosed or stated in the accompanying papers, even though some such ground may have been suggested upon the oral arguments in the case." (*State ex rel. Department of Highways v. Pinson* (1948), 65 Nev. 510, 530, 199 P.2d 631, 640-41.) Pride's comment at hearing on the motion did not suffice to give plaintiff an opportunity to present evidence that the danger involved in the opening and the absence of safety de-

vices was not obvious. Therefore, we find that the trial court order cannot be upheld on the basis of the obviousness of the danger.

Plaintiff has shown that neither of the grounds stated in the motion for summary judgment could support the trial court's order. The other issues of fact which Pride addresses in its briefs on appeal cannot support the entry of summary judgment on this motion because they were not properly raised for consideration on the motion for summary judgment. Therefore, we reverse the order of the trial court granting Pride's motion for summary judgment and we remand the cause for further proceedings.

Reversed and remanded.

RIZZI, P.J., and McNAMARA, J., concur.